18   367
106   449

## GLOVER vs. GLOVER.

1. A domicil once acquired is presumed to continue until a new one is gained *facto et animo*.
2. Where the acknowledged residence of a party is in this State, and the principal part of his property is here, his pretended removal to another State, with the fraudulent intent of evading the jurisdiction of the Chancery Court, will not oust that court of jurisdiction of a bill, filed against him by a non-resident complainant, but it may proceed to make him a party in the mode prescribed by the statute.—Clay's Dig. 352, § 44.

ERROR to the Chancery Court of Sumter. Tried before the Hon. J. W. Lesesne.

THE bill in this case was filed by the plaintiff against the defendant for alimony. It alleges that the complainant and defendant were married in the State of Virginia, of which State the complainant is still a resident, and that the defendant, without cause or provocation, abused and mal-treated, and finally deserted her, removing all his available effects to this State and leaving her no means of support, &c. It further alleges that the defendant "after fraudulently removing his available effects to Alabama to evade providing your oratrix with the means of support, has suddenly pretended to remove to the State of Tennessee, with the fraudulent intent of evading the jurisdiction of this court; that he has done this in anticipation that your oratrix was about to take steps to compel him to provide for her; that nearly, if not quite all the property and effects of said defendant are in this State, and she verily believes that this State is his real place of residence, as far as he can be said to have any place of abode;

that since he left Virginia, she has heard of him as wandering about without any fixed place of abode, but that this State was his acknowledged place of residence, until about the time your oratrix was about commencing proceedings against him as aforesaid, and she believes that said defendant left this State with no other intent or purpose than to evade the just claims, which your oratrix has upon him; and that if your oratrix cannot reach his property and effects which are in the State of Alabama, such is the unsettled condition of said defendant, and such his determination not to provide for your oratrix, she will be fraudulently deprived of her rights in the premises." The chancellor on motion dismissed the bill for want of jurisdiction, which is now assigned as error.

ROBERT H. SMITH, for the plaintiff:

The allegations in the bill show that Alabama is the defendant's place of residence. It alleges that Alabama was his residence until complainant was about proceeding, and he has since had no fixed residence, &c. Now a man must be sueable somewhere—he must have some residence, and I understand the law to be, that a man's residence (once obtained,) continues, not until he leaves it, but until he obtains another. Therefore, I say, Alabama is his residence.—State v. Hallet, 8 Ala. 159. But it is asked how can process be served on him—not by actual service, and not by publication; but this is worth nothing, for any man could oust a court of jurisdiction by shunning process, if this be law. The consequence of it would be that the definition of one's abode would be, a place where process can be served on him. The argument, if so it may be called, is merely one based on inconvenience. If a party evades process, so it cannot be served, and yet is no non-resident, so as to allow publication, I think the Chancery Court should, by virtue of its remedial powers, prescribe a mode of bringing him in, and I ask that this may be done in this case. If it cannot do it, then it may be truly said that a court, whose province it is to protect against fraud, is at the mercy of fraud.

F. S. LYON, for the defendant:

There is nothing in this case which would, in principle, distinguish it from the one between the same parties, decided at

June Term, 1849.—See 16 Ala. 440. In the former case the suit was brought by the wife against the husband to recover alimony, the complainant being at the time a citizen of Virginia, and the respondent residing in Tennessee. That case was dismissed because the court had no jurisdiction of such a cause. The present suit was brought for the same purpose, the complainant still being, as shown by her bill, a citizen of Virginia. The proceedings assign to the defendant no local habitation—he is said to be a wanderer, to have no fixed place of residence. There was no service of a subpœna to answer, nor publication made as required by law, such as would authorise the court to reach his person or property by a decree in the case. The parties, as shown by the bill, were married in Virginia, and the obligation attempted to be enforced by the bill was incurred in that State, and not in this. The complainant being a non-resident, and the cause of action having accrued out of the State, the Court of Chancery had no jurisdiction without an allegation in the bill that the defendant was a resident of the State.—See Heirs of Holman et al. v. Bank of Norfold, 12 Ala. 360. Under our laws there are but two modes of compelling a defendant in chancery to answer, one is by service of a subpœna to answer where he is a resident of the State, and the other is by publication where he is a non-resident. In the present case there was no service of process, nor appearance, except as *amicus curiæ* to move to dismiss for want of jurisdiction, nor was there publication, because the fact of publication with the admission in the bill of the non-residence of complainant, would have at once deprived the court of jurisdiction. How then could the court have proceeded in the cause? and upon what ground had the court of chancery for Sumter county cognizance of the suit? Neither plaintiff nor defendant resided in Sumter, nor did the subject matter of the suit arise, or exist, in that county. The judgment below dismissing the bill was correct and ought to be sustained.

CHILTON, J.—The bill charges that the defendant, after fraudulently removing his effects to this State, to avoid providing the complainant the means of subsistence, has suddenly pretended to remove to the State of Tennessee, *with the fraudulent intent of evading the jurisdiction of this court;* that he has done this in the anticipation that complainant was about to take steps

to compel him to provide for her; that nearly, if not quite all the property and effects of said defendant, are in this State, and that she verily believes that this State is his real place of residence, as far as he can be said to have any place of abode; that since he left Virginia, she has heard of him as wandering about without any fixed place of abode, but that this State was his acknowledged place of residence, until about the time complainant was commencing proceedings against him, and she believes that he left this State with no other intent or purpose than to evade her just claims upon him; and that such is his unsettled condition, that if she cannot have a remedy in this State against him, she is utterly remediless.

The party, having acquired a domicil in this State, must be presumed to reside here, until he acquires one elsewhere, upon the well settled doctrine, that when once a domicil has been acquired, it is not lost until a new one is actually gained *facto et animo.*— The State v. Hallet, 8 Ala. 161.

In the case before us, the party, to evade the just demand of the complainant, has pretended to remove to Tennessee, but is really wandering about, with the object and intent of avoiding the jurisdiction of the court. Such conduct is a fraud upon the jurisdiction of the Chancery Court, and cannot be allowed to screen the party from amenability to its process.

The case falls clearly within the equity, if not the letter of the statute, authorising the court to order publication against the defendant (Clay's Dig. 352, § 44,) upon the proper affidavits being filed, that the defendant cannot be found at his usual place of abode upon inquiry being made for him, and that there is just cause to believe that such defendant is gone out of the limits of the State, or has otherwise absconded, to avoid being served with process. From the allegations of this bill, he must be regarded as a resident of this State, so that the principle settled by this court in the Heirs of Holman v. The Bank of Norfolk, (12 Ala. 369,) and upon which a case between these same parties in 16 Ala. 440, was made to turn, does not apply. Since the passage of the statute before cited, it may safely be asserted as an undeniable legal proposition, that if a party, residing here, absent himself, with the view and intent of avoiding the jurisdiction of the Chancery Court of this State, his absence shall not avail him to oust the court of jurisdiction. Were the law other-

wise, the grossest fraud and injustice might be practised, and the courts of equity rendered powerless to afford relief, by the fraudulent act of the defendant.

The chancellor erred in dismissing this bill. His decree is consequently reversed and the cause remanded.