## BULGER *vs.* HOLLY ET AL.

[BILL IN EQUITY TO SUBJECT LAND FOR PAYMENT OF PURCHASE-MONEY.]

*Bill to enforce vendor's lien on land ; when not without equity.*—B. pur-
chased certain lands of S., gave his notes for the purchase-money, and
received T.'s bond for titles, when the said notes were paid.   A few
days after said purchase, and before B. was let into possession, with
the knowledge and consent of S., B. sold said lands to C. and C. at
an advance of a thousand dollars, and  by an  understanding between
all of said parties, C. and C. were to take up and cancel B.'s notes, and
give their note to S. for said advance, expressing that it was given in
part payment of said lands, and S. then and there delivered said note
to B., and B. transferred said bond for titles to C., and C. and they
went into possession of said lands, and continued in possession for
several years, and then moved away, and H. went into possession,
whether under a purchase from C. and C. was not known to B., but
claiming some interest in said lands.   In the meantime, S. died ; after-
wards B. filed his bill, making the widow and heirs of S., C. and C.,
and said H. defendants, and prayed that said thousand dollar note be
declared a lien on said lands, and, if necessary. that said lands be de-
creed to be sold for its payment.   On motion of H. the bill was dis-
missed for want of equity.—*Held*, 1st, that said note was a lien on said
lands ; 2d, that the bill was improperly dismissed for want of equity ;
and, 3d, that if H. purchased said lands, in good faith, for valuable
consideration and without notice, after a conveyance by S. to C. and
C., it would defeat B.'s lien, and be a good defense to his bill.

APPEAL from the Chancery Court of Tallapoosa.
Heard before the Hon. B. B. McCRAW.

The facts are sufficiently stated in the opinion.

GRAHAM & ABERCROMBIE, for appellant.
WM. H. BARNES, *contra.*

PECK, C. J.—The bill of complaint states, that appel-
lant, the complainant below, a few days before the sixth
day of January, 1858, purchased certain lands, described
in said bill, lying and being in Tallapoosa county, of Creed
T. Strong, then in possession and residing on said lands,

for the price or sum of $2,500, and, to secure the payment of the purchase-money, gave his two promissory notes for the sum of $1,250 each, one due in twenty days, and the other six months after date, and received from said Strong and wife a bond to make titles, on the payment of the purchase-money ; that a few days after said sixth day of January, the said Strong and George W. and W. M. Chatfield came together to complainant's residence, for the avowed purpose of making a trade with complainant about said land ; that complainant, then and there, with the consent of said Strong, sold said lands to said George W. and W. M. Chatfield, for the sum of $3,500 ; that said Chatfields were to take up complainant's two notes, and deliver them to him canceled, and for the remainder of the $3,500 the said Chatfields made their joint and several note, for one thousand dollars, of the following tenor and effect, to-wit :

"$1,000.   On or by the first day of April next, we, or either of us, promise to pay to C. T. Strong, or bearer, one thousand dollars, in part payment for his plantation on Tallapoosa river, and on which he now resides.   This 3d day of January, 1858.

(Signed,)

" G. W. CHATFIELD,<br>" W. M. CHATFIELD."

That said note was, then and there, delivered to complainant, (the said Strong and said Chatfields being present and agreeing to the same,) as an inducement to him to make said trade ; that said note thereby became his property, and was transferred to him *bona fide ;* that pursuant to said understanding between said complainant and said Strong and said Chatfields, complainant's said two notes were delivered to him, and were canceled or destroyed, and, to carry out said trade, complainant transferred or assigned said bond for titles to said Chatfields. That at the time of said sale said Strong was in possession and living on said lands, and soon thereafter moved away, and put said Chatfields in possession of the same ; that they remained in possession thereof for several years ; that one John Holly was, at the filing of said bill, in pos-

session, pretending that he had bought said lands, or had some other claim to them.

That said one thousand dollar note was given in consideration and in part for the purchase-money of said lands, and was made payable to said C. T. Strong, in whom the legal title was, and that said note was transferred to complainant, with the distinct understanding that the same was a lien to that extent, upon said lands, for the purchase-money thereof.

The bill states that said Strong had died, leaving no estate that complainant knew of, and that he had no administrator; that he left a widow, and several children, his heirs, naming them, &c.

The said Holly, the widow and said children, and said Chatfields, are made defendants. The complainant prays that said note may be declared to have a lien on said lands, and, if necessary, that they may be decreed to be sold for its payment, and for general relief.

On motion of defendant Holly, the chancellor dismissed the complainant's bill for want of equity. He appeals to this court, and assigns the decree dismissing the bill, for want of equity, for error.

1. On a motion to dismiss a bill for want of equity, its statements are to be taken to be true.—*Bryant v. Peters*, 3 Ala. 160.

Taking the statements of this bill to be true, the said Chatfields must be regarded as the purchasers of the said lands, in the place of complainant; and that instead of making a new bond for titles, the bond given to complainant was, by the understanding of the parties, transferred or assigned to them. We think this the true interpretation of this transaction, as the said thousand dollar note was made payable to said Strong, and purports on its face to be given in part payment of his plantation, on which he then resided, thus showing that the plantation mentioned in the said note consisted of the same lands which, a few days before, were sold to complainant. As this note was given in part for the purchase-money agreed to be paid for said plantation, it was, in the hands of Strong, the vendor,

a lien on the same; and the transfer of said note to the complainant, in equity, transferred the lien with it.—*Conner v. Banks*, 18 Ala. 42; *Kelly v. Payne*, 18 Ala. 370, and *Edmunds v. Torrence*, decided at this term. And complainant may, in his own name, file a bill to enforce said lien.—*Center v. P. and M. Bank*, 22 Ala. 743; *Edmunds v. Torrence, supra.*

2. If Strong had conveyed the said lands to the Chatfields before Holly purchased; if he had, in fact, purchased said lands of them, and his purchase was made in good faith, for valuable consideration, and without notice, then his purchase would defeat said lien, and be a good defense to the complainant's bill; but, on its face, the said bill is not without equity. Therefore, the decree dismissing the bill, on motion, must be reversed, and the cause remanded for further proceedings; and the said Holly will pay the costs of this appeal, in this court and in the court below.