# Merrill's Heirs *v.* Morrissett.

## *Application for Probate of Will.*

1. *Revision of probate decree on facts.*—On application for the probate of a will, which is resisted on the ground than the decedent, who died in Georgia, was not an inhabitant of the county at the time of his death, and left no assets there, the issue being submitted to the court without the intervention of a jury, on testimony reduced to writing, the decision will be regarded by this court, on appeal, like the decree of a chancellor upon facts, as presumptively correct, and will not be reversed unless there is a decided preponderance of evidence against the conclusion attained.

2. *Probate of will; in what county granted; meaning of " inhabitant."*—The word *inhabitant*, as used in the statute regulating the probate of wills (Code, § 2304), is the synonym of domiciliary resident, and means one who has his domicile in the particular county.

3. *Domicile; definition of.*—A person's domicile is that place in which his habitation is fixed, without any present intention of removing; and it embraces both the fact of residence, and the intention to remain.

4. *Same; presumptions as to.*—Every person is presumed to have a domicile somewhere, and he can have but one for the purpose of succession, though he may have two or more residences; and his domicile of origin, when once ascertained, is presumed to continue until another is acquired.

5. *Same; how ascertained.*—It is difficult, if not impossible, to lay down any fixed or infallible rule. by which the domicile of a person may be determined in all cases; each case depending upon its own peculiar facts, and sometimes involving a consideration of minute and complicated circumstances.

6. *Same; declarations of decedent.*—The declarations of the decedent while living, as to his domicile, are admissible to illustrate his intention, and when often repeated, consistent, and in harmony with his conduct, are frequently deemed conclusive; but, when conflicting and contradictory, they are, necessarily, unsatisfactory, and entitled to but little weight as evidence.

7. *Same; recitals in will.*—Generally, recitals of domicile or residence, in a will or deed, are not regarded as conclusive, but capable of being rebutted by proof to the contrary; but, in a doubtful case, such recitals in a will deliberately prepared are certainly entitled to some weight, and their probative force is increased by the nomination of a person as executor in the same jurisdition of which the testator describes himself as a resident, whether expressly or by clear implication.

8. *Same; case at bar.*—In this case, the decedent, when about leaving Montgomery, Alabama, to go to Georgia, where she died five months afterwards, executed her last will and testament, therein describing herself as "now of Montgomery, Alabama," and appointing a citizen of Montgomery as her executor; and two months afterwards, having prepared a codicil to her will, she forwarded it to her executor, announcing to him her expectation of returning very soon to Montgomery, where she had been living the greater part of the time for several years, and where a married daughter resided. *Held*, that these significant facts, in connection with all the evidence shown by the record, notwithstanding

28

contradictory declarations of intention, were sufficient to sustain the decree admitting the will to probate, under the principles above stated.

APPEAL from the Probate Court of Montgomery.
Tried before the Hon. F. C. RANDOLPH.

In the matter of the probate of a paper which was propounded as the last will and testament of Mrs. Sarah B. Merrill, deceased, who died in Columbus, Georgia, on the 13th February, 1884. The application for the probate was made on the 25th February, 1884, by E. P. Morrissett, who was therein named as sole executor; and it was contested by the three children and heirs at law of the decedent—namely, Mrs. Juliette P. Moore, Mrs. Lizzie M. Bell, and Mrs. Mary Jones; the former residing, with her husband, in Montgomery, Alabama, and the other two in Columbus, Mississippi. The grounds of contest were—1st, that the decedent was, not, at the time of her death, an inhabitant of said county of Montgomery; 2d, that she was not an inhabitant of the State of Alabama, and left no assets in said county, nor had any assets belonging to her estate been brought into said county after her death. Issue was joined on both of these grounds of contest.

The original will of the testatrix was dated the 26th July, 1883, and was executed on that day, in the city of Montgomery, and attested by two witnesses. It was in these words: "I, Sarah B. Merrill, now of Montgomery, State of Alabama, being of sound and disposing mind and memory, do hereby make and publish this, my last will and testament, hereby revoking all wills heretofore made by me. My property consists of money loaned, for which I have notes and security by mortgage; and it is my will, and I hereby make the following bequests; to be paid out of my said property at my death: To Aintab College, in the city of Aintab, Turkey, as a memorial fund, to be called the *Frank B. Merrill Fund*, the sum of $500. To the American Tract Society, the sum of $500. To the American Board of Commissioners for Foreign Missions, $1,000. To my grandchildren, George F. and Merrill H. Moore, sons of my daughter Juliette Moore," $500 each; which was to be kept at interest until they arrived at the age of sixteen years, and then used in their education, by her executor as trustee; and in the event of their death before reaching the age of sixteen years, the money was to be given to some charitable institution selected by the said trustee. The will further contained directions for the burial of the testatrix at Columbus, Mississippi, by the side of a deceased daughter, Mrs. H. M. Osborne, and the erection of a suitable monument; and then added: "And if there is any thing left of my estate, it shall go, under the direction of Mr. Hampden Osborne, to the benefit of the

[Merrill's Heirs v. Morrissett.]

colored Sabbath-school of the Presbyterian church, at Columbus, Mississippi." By a codicil, which was executed in Columbus, Georgia, dated September, 1883, and attested by three witnesses, it was directed that the money bequeathed to the two grandchildren should be invested in good securities, " under order of court," and the interest applied to their education and maintenance until they attained the age of sixteen years, " and the whole amount then used as directed in" the original will; and a legacy of $100 was bequeathed to Marietta Jones, another grandchild.

The evidence adduced consisted entirely of depositions, taken on interrogatories and cross-interrogatories; except as to the value of a table and some chairs, which Mrs. Merrill used while teaching a kindergarten in Montgomery, before she went to Georgia, and the value of which was proved to be between $12 and $15. On all the evidence, which it is unnecessary to state at length, the court decided that the testatrix was an inhabitant of Montgomery county at the time of her death, and that she left assets in said county; and the due execution of the will and codicil having been proved by the subscribing witnesses, admitted the same to probate as the last will and testament of the testatrix. The contestants duly excepted to the decision and decree of the court, and they here assign it as error.

GEO. F. MOORE, and H. C. TOMPKINS, for the appellants. (1.) To authorize the grant of administration on the estate of a non-resident, on the ground of assets within the jurisdiction, there must be assets available for the payment of debts; and if the assets proved are not sufficient to pay the costs and expenses of administration, the grant of letters would be a vain and useless act.—*Pinney v. McGregory*, 102 Mass. 186; *Prescott v. Durfee*, 131 Mass. 478; *People v. Abbott*, 105 Ill. 593; *Lewis v. Lyons*, 13 Ill. 117; *Dorman v. Tost*, 13 Ill. 127; *Fitzgerald v. Glancy*, 49 Ill. 465; *Walworth v. Able*, 52 Penn. St. 370; *Farrar v. Dean*, 24 Mo. 16; *Owens v. Childs*, 58 Ala. 113; *Perry v. Railroad Co.*, 29 Kan. 423; 1 Abbott's Law Dic. 94–5, 155; *Bishop v. Lalouette*, 67 Ala. 200; 1 Wms. Ex'rs, 268; Schouler on Executors, § 91; *Railroad Co. v. Swayne*, 26 Ind. 477. The only property proved in this case was not of value sufficient to constitute *bona notabilia* (Schoul. Ex'rs, §§ 24, 25; 2 Bla. Com. 509; 3 Redf. Wills, 29, *n.* 16; 1 Wms. Er'rs, 250), and it was given to Mrs. Moore before the death of Mrs. Merrill. (2.) On the facts proved, the jurisdiction can not be maintained on the ground that Mrs. Merrill was an inhabitant of Montgomery county at the time of her death. She died in Columbus, Georgia, where she had resided for five months or more; and this raised a presumption of her domicile

there, which the proponent must overcome by affirmative proof to the contrary.—Toler on Executors, 387; *Guier v. O'Daniel*, 1 Amer. Lead. Cas. 879; *Bruce v. Bruce*, 2 Bos. & P. 230; *Bempde v. Johnston*, 3 Vesey, 200; 2 Wms. Ex'rs, 1303; *Lowry v. Bradley*, 45 Amer. Dec. 145; *Ennis v. Smith*, 14 How. U. S. 422; *Mann v. Clark*, 33 Vermont, 60; Best on Presumptions, 173.   In this case, the proponent must not only adduce proof to overcome this presumption, but must go further, and prove the additional fact, which he alleges in his petition, that she was an inhabitant of Montgomery county at the time of her death—that Montgomery was her home in fact and intent.   It is insisted for appellants, that the preponderance of the evidence is in favor of the legal presumption, and shows that, whatever may have been her intentions when she went to Columbus, Georgia, she had determined to make it her home several months before her death.   This is shown by her repeated declarations to her friends there, and by her letter to Mrs. Gunter in Montgomery; declaring that she liked the people, that she had found congenial work to do, and that she would make it her home.   While she spoke and wrote of returning to Montgomery, it was only as a visit; and in a letter to one of her daughters, at Columbus, Mississippi, she again declared her intention to make Columbus, Georgia, her home. As to the weight to which these declarations are entitled as evidence, see Phill. Dom. (Law Libr.), 77, 113; *Munro v. Munro*, 7 Cl. & Fin. 342.   Though the will was written in Montgomery, and she therein speaks of herself as "now of Montgomery," the evidence shows that she was there only on a visit.   If the evidence leaves the question in any doubt, the doubt lies between Columbus, Georgia, and Columbus, Mississippi; in which latter city she had resided longer than in any other, and gave directions for her burial there.

E. P. MORRISSETT, and W. L. BRAGG, *contra.*—(1.) The Probate Court of Montgomery county, Alabama, had jurisdiction to admit the will to probate, because the testatrix was an inhabitant of that county, and because there were assets of her estate in that county.—Code, § 2304.   As to the sufficiency of assets, see *Thornton v. Winter*, 9 Ala. 613; *Grier v. Campbell*, 21 Ala. 331.   As to who is an *inhabitant*, see Phill. Dom. 66–7, 78, 94, 96; Jarman on Wills, 18, note 12; 1 Metc. 245; 100 Mass. 170; 39 Mass. 454; 30 Gratt. 718; 31 Barb. 475–82; 14 Johns. 429; 5 Vesey, 785; 1 Binn. 349; 99 Mass. 591. (2.) The decision of the court below, in a case like this, will not be disturbed on error or appeal, unless there is a decided preponderance of the evidence against its correctness.—*Kirksey v. Kirksey*, 41 Ala. 641; *Marlowe v. Benagh*, 52 Ala. 113;

[Merrill's Heirs v. Morrissett.]

*Rather v. Young*, 56 Ala. 97; *Dabney v. Mitchell*, 66 Ala. 503; *Nooe v. Garner*, 70 Ala. 447; *Folmar v. Folmar*, 71 Ala. 136. (3.) Though the testatrix died in Georgia, the evidence showed that she was merely sojourning there. Her last written utterance, as proved, declared her purpose to return to Montgomery. Her will was made in Montgomery, where also her executor lived; and when she made a codicil in Georgia, she forwarded it to her executor in Montgomery, at the same time expressing a purpose to return to that city, where she had lived longer than in any other place after leaving Jackson, Mississippi.

SOMERVILLE, J.—It is manifest, and must be admitted, that no objection can be successfully urged to the probate of the will of the decedent, Mrs. Sarah B. Merrill, if she was an "inhabitant" of the county of Montgomery at the time of her death, within the meaning of section 2304 of the present Code. This was a question of fact, which the Probate Court found specifically by its judgment to be affirmatively true, and we are called upon to review the correctness of this finding.

The cause having been tried and decided by the court below on testimony reduced to writing, the finding is presumed to be correct, and, like the decree of a chancellor upon facts, will not be reversed, unless we are clearly convinced that it was erroneous, or, what is the same thing, unless there is a decided preponderance of the evidence against the conclusion attained. *Nooe's Ex'r v. Garner's Adm'rs*, 70 Ala. 443, 447; *Eureka Co. v. Edwards*, 71 Ala. 248; *Warren v. Jones*, 68 Ala. 449.

The word *inhabitant* has been defined to be "one who has his domicil in a place,—one who has an actual fixed residence in a place."—1 Bouv. Law Dic. (1885), p. 798. In *Long v. Brown*, 4 Ala. 630, it was defined as "a resident, or dweller in a place, in opposition to a mere sojourner, or transient person." We take it that the word *inhabitant*, as used in the foregoing section of the Code, having reference to testamentary cases, is used as a synonym for domiciliary resident, or one who has his domicil in a given county. The word *domicil* may be defined to be a residence at a particular place, accompanied by an intention, either positive or presumptive, to remain there permanently, or for an indefinite length of time.—Phillim. Inter. Law, 44; *Ringgold v. Barley*, 59 Am. Dec., *note*, p. 111. The definition given by Judge Story is not essentially different, and has been often approved. "That place," he says, "is properly the domicil of a person in which his habitation is fixed, without any *present* intention of removing therefrom."—Story Conf. Laws, § 43; 2 Williams on Ex'rs (Perkins' Ed.) § 1629; *Putnam v. Johnson*, 10 Mass. 501. It embraces not only the fact

of residence at a place, but the *animus manendi*, or intent to regard and make it one's home.—*Murphy v. Hurst, Miller & Co.*, 75 Ala., and cases cited ; *Lyman v. Fiske*, 28 Am. Dec. 293. And where a person has actually removed from his original domicil to another place, with the intention of remaining there for an indefinite time, and as a place of fixed present abode, the latter place is regarded as his domicil of choice, "notwithstanding," as observed by Mr. Story, " he may entertain a *floating intention* to return at some future period." Story's Confl. Laws, § 46 ; *Ringgold v. Barley, supra* ; 59 Am. Dec. 115, *note*. There can be no change of domicil without a concurrence of both act and intent, and the question of intent may be solved by reference to both conduct and declarations.—*Lyman v. Fiske, supra* ; *Frost v. Brisbin*, 32 Am. Dec. 427–429. And a domicil of origin, when once ascertained, must always be considered as retained until another is acquired. *Talmadge v. Talmadge*, 66 Ala. 199 ; *State v. Hallett*, 8 Ala. 159.

Every person is presumed, moreover, to have a domicil somewhere ; and although he may, in some instances, have a domicil in one place, and a residence in another, or, as is sometimes said, two residences for the purposes of business ; yet he can not have more than one domicil at the same time, for the purpose of succession.—*Gilmer v. Gilmer*, 52 Me. 165 ; 2 Williams on Ex'rs (Perkins' Ed.) § 1630 ; 2 Kent Com. (12th Ed.), 431, *note* (c) ; *Ringgold v. Barley*, 59 Am. Dec. 111, *note*. And the casual death of a person at a given place very clearly can have no tendency to show that his domicil was there, unless the fact stands alone and unexplained by any rebutting evidence. It is the fact of such person being there at all, and not his death, which may sometimes constitute a *prima facie* case of domicil.—*Somerville v. Somerville*, 5 Ves. Jr. 750.

It is generally conceded to be difficult, if not impossible, to lay down any fixed or infallible rule, by which the domicil of a party may be determined in all cases. As observed by Chief Justice Shaw, in *Lyman v. Fiske*, 17 Pick. 231 (s. c., 28 Am. Dec. 294), " it is often a question of great difficulty, depending upon minute and complicated circumstances, leaving the question in so much doubt that a slight circumstance may turn the balance." It must generally be determined upon all the particular facts and circumstances of each particular case.—*Thorndike v. Boston*, 1 Met. 245. When a *man's* domicil is the subject of inquiry, the scale has often been made to turn by a single fact,—as, that he exercised the right of political franchise in a particular State or county, or had his business establishment located in a particular city or town, or permitted his family to permanently reside in a certain place or municipality.

The decedent in the present case being a *female*, without any family dependent upon her for support, we are left without the benefit of either of these potent considerations. We are compelled, therefore, to direct our attention to other facts which may serve to illustrate the conduct of the deceased, and to throw light upon the question of her intention. We have examined the testimony with this view, and confess that we have found the case one of great complexity. This is attributable to the fact that the conduct of the testatrix is exceedingly ambiguous in meaning, and her declarations of intention very contradictory and vacillating. She is shown to have spent the twenty-three years previous to her death, which occurred in February, 1884, in five different States,—Mississippi, New York, Illinois, Alabama, and Georgia ; her habits during all this time seeming to be constantly migratory, at least after the year 1874, when she removed from Jackson, Mississippi. She owned no real estate, or homestead, upon which she resided at any time, but spent her time with her children, and boarding. Her property consisted of money loaned, some of which was in Georgia, and some in Illinois. Judging from her conduct, we might safely conclude that she was a mere temporary resident of New York and Illinois, and that she had probably abandoned her former domicil in Mississippi. But whether she resided in Alabama or Georgia, may justly be considered a question of grave doubt.

There is as little inference to be drawn from her declarations, which appear, as we have said, to be exceedingly contradictory, showing much vacillation of purpose. While in Georgia, whither she went in July, 1883, and where she died in February, 1884, she is shown to have written to her friends at Montgomery, Alabama, at one time declaring her intention not to return, and at another the contrary. So, she is proved also, while there, to have had herself registered at a hotel as from Mississippi. It is undoubtedly true, that the declarations of a deceased person, as to his or her domicil, are admissible to illustrate intention, and, when free from contradiction, often repeated, and in harmony with the conduct of the party, they are frequently deemed conclusive.—*Pennsylvania v. Ravenel*, 21 How. (U. S.) 694. But, when conflicting and contradictory, they are, of necessity, unsatisfactory, and are entitled to but little weight as evidence.—*Smith v. Croom*, 7 Fla. 82, 158. So, mere "vague, unexecuted expressions of intent" can avail but little in the determination of this question.—2 Whart. Ev. § 1097.

Under these circumstances, we are not inclined to disturb the conclusion reached by the probate judge, that the decedent was an inhabitant of Montgomery county. We are not clearly convinced that this conclusion is erroneous, or that there is a de-

cided preponderance of the evidence against it. The deceased is shown to have spent the most of her time in the city of Montgomery, during the last few years of her life, where she was employed a part of the time teaching school, and where one of her daughters, the contestant in this cause, resided. When she departed for Georgia, stopping a few weeks at Opelika, she evidently at that time manifested no intention to change her domicil to that State. She wrote to her executor, two months afterwards, that she expected to return very soon, and also wrote a few weeks before her death, to ascertain upon what terms she could engage board at the same hotel where she had previously staid, and declaring to her landlady that she was " home-sick." It is true that, during the same period, she was making contradictory declarations of her future intention, which tended to show that she entertained a purpose, somewhat vague at times, of making her residence at Columbus, Georgia.

There is one fact just here, which, to our apprehension, possesses considerable significance. It is the circumstance of preparing her last will and testament, and appointing her executor in the county of Montgomery, Alabama. This was done in July, 1883, prior to her departure for Georgia. Two months afterwards, in the latter State, she had a codicil to this instrument prepared, and transmitted to her executor. announcing her expectation of very soon returning to Montgomery. In this will she describes herself as " now of Montgomery, State of Alabama." Recitals of domicil or place of residence, in wills and deeds, are generally regarded as not conclusive, but only *prima facie*, and capable of being rebutted by proof to the contrary.—Whart. Conf. Laws, § 61 ; *Ennis v. Smith*, 14 How. (U. S.) 400. Such recitals are certainly entitled to some weight, in doubtful cases, when made in a will deliberately prepared ; and their probative force is increased by the appointment of an executor, for the declared purpose of executing a testator's will, in the same jurisdiction of which he describes himself to be a resident, whether expressly or by clear implication. One who casually dies anywhere, may hastily prepare his will, even when almost *in articulo mortis*. But persons, especially when exercising great deliberation, are not accustomed to appoint executors, to administer upon their estates in foreign jurisdictions and places distant from their domicils. We deem such appointment, under the circumstances of this case, to be a decisive fact, sufficient in itself to turn the scale. An inference of one's domicil is often drawn from recitals in wills.—Whart. Com. Amer. Law, § 254. In the case of Lord Somerville's estate, the question being whether the domicil of the decedent was in Scotland or England, the master of the rolls said : " Some time before his death, he talked of making

[Equitable Life Assurance Society v. Vogel's Executrix.]

his will in Scotland. That circumstance is decisive, that his death in England was merely casual, not from intention." *Somerville v. Somerville,* 5 Ves. Jr. (Sumner's Ed.) p. 750, 789. The case, we may add, of course becomes stronger, where he goes further, and actually executes such purpose by making his will and appointing an executor.

We are constrained, under the influence of these views, not to disturb the judgment of the Probate Court in its finding upon this question of fact.

The other questions raised we need not consider, as the conclusion reached above renders it unnecessary.

Judgment affirmed.

CLOPTON, J. not sitting, having been of counsel.