181 So. 296

**WILKERSON v. LEE.**

**4 Div. 997.**

Supreme Court of Alabama.

May 12, 1938.

John W. Rish and Lawrence Oakley, both of Dothan, for appellant.

W. L. Lee, Alto V. Lee, III, and O. S. Lewis, all of Dothan, for appellee.

BOULDIN, Justice.

The appeal is from a judgment of the circuit court in an election contest; is taken under section 566 of the Code. Section 567 of the Code, requiring "bond and security for costs" on such an appeal, is sufficiently complied with by the filing and approval of the usual security for costs, with sureties, to be certified with the record that judgment for costs may be rendered thereon in the appellate court if the appeal fails. The appeal suspends the execution of the judgment. The only condition specified is payment of costs. No other supersedeas bond is contemplated. The motion to dismiss the appeal for want of a supersedeas bond is overruled.

The parties were opposing candidates for the office of councilmen in ward 5, of the town of Columbia, in the municipal election of September 21, 1936. The election returns showed the election of appellant by a vote of 64 to 63.

The trial court heard the evidence orally. After deducting votes held to have been illegally cast and, counted for each candidate and adding the votes held to have been legally tendered, but erroneously rejected by the election officers, the court found the contestant entitled to 63 votes, and the contestee 58.

The appellant challenges the right of contestant to offer evidence touching a supplemental list of voters. After the parties had furnished their respective lists of alleged illegal votes received and legal votes rejected pursuant to Code, § 551, and the trial was entered upon, the hearing was adjourned over some four weeks.

In the interim, and more than ten days before the day set, the contestant gave notice of a supplemental list, and over objection of the contestee evidence was admitted thereon. There was no error in this ruling.

The only requirement of section 551 is that the notice therein defined shall be given the opposing party at least ten days before the taking of testimony in reference to such votes. After a trial is entered upon, the court may exercise a discretion as to prolonging the hearing or adjourning over; but, when this is done, it is contemplated the parties may produce evidence touching any voter whose name is furnished the opposing party ten days or more before such evidence is offered.

The right of the qualified electors to choose their public officers, a vital principle in democratic institutions, is the chief concern in such contests.

The vote of Mrs. J. T. Bell, thus shown to be illegal, and to have been cast and counted for contestee, there was no error in deducting same from his vote.

A voter having acquired a legal residence, been duly registered as a voter of the county and precinct or ward, and paid his poll tax therein for the year in which the election is held, may retain such residence until he has abandoned and removed therefrom with the intent to become

a resident elsewhere. Temporary absence from one's residence for the purposes of his employment and the like, without the intent to abandon the home town and acquire a domicile elsewhere permanently, or for an indefinite time, does not forfeit his right to vote. Pope v. Howle, 227 Ala. 154, 149 So. 222; Caheen v. Caheen, 233 Ala. 494, 172 So. 618; 8 Alabama Digest, Elections, 264, ⊙72.

W. O. Kent, a teacher of public schools, moved his family into Columbia, taught there two years, registered as a voter, and paid his poll tax. In the summer of 1936 he went to another town for vacation employment, then took employment as teacher in another county, removing his family there a few weeks before the date of the election, with no manifestation of a purpose to become an established resident in the town where he was then teaching.

These facts support the finding of the trial judge that he had not forfeited his right to claim Columbia as his residence and cast his vote in the election.

Miss Dorothy Lee was a native of Columbia, Houston county; registered and paid her poll tax there for the year of this election. In the summer before the election she married Robert Stevens in St. Clair county, where she was engaged in welfare work, and thereafter lived with her husband in St. Clair county.

When a woman marries and enters into the family relation at the domicile of the husband, this domicile becomes the domicile of the wife. We do not think the Nineteenth Amendment disturbs this normal incident of family life.

But, if the husband, at the time of marriage, has merely a temporary abode in the county where they live, being a resident and qualified voter of another county, and husband and wife establish no family residence facto et animo prior to the date of the election, the wife would still be a legal voter in her home town. The evidence supported a finding to this effect by the trial court.

Miss Sarah Rodney married Robert Howard in August before this election. Her case is similar, and somewhat stronger than that of Mrs. Stevens above.

We find no error in the finding of the court that the votes of W. O. Kent, Mrs. Dorothy Lee Stevens, and Mrs. Sarah Kate Howard, were erroneously rejected by the election officers, and due to be counted for contestant.

These instances illustrate the main questions presented in the case. The question of residence at the time of the election, or as affecting the payment of all past-due poll taxes, was the chief issue. The trial court in a carefully prepared opinion made a special finding as to the several voters brought into question on this appeal. Quite clearly he announced the correct rules of law touching residence of voters, and recognized the prima facie right of those shown on the official list of voters furnished the manager of election pursuant to law.

Indulging the presumptions due his finding on controverted issues of fact heard on oral testimony, we find no sufficient ground to disturb the judgment.

A further detailed discussion as to individual voters is deemed unnecessary.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.