152 So.2d 144

**Ex parte Ballard Carl PHILLIPS, Sr.**

**6 Div. 952.**

Supreme Court of Alabama.

April 11, 1963.

Gordon Davis, Tuscaloosa, and E. C. Boswell, Geneva, for petitioner.

E. D. McDuffie, Tuscaloosa, for respondent.

HARWOOD, Justice.

In proceedings below it appears that Margarette B. Phillips filed a bill in the Circuit Court of Tuscaloosa County seeking a divorce against Ballard Carl Phillips, Sr., on grounds that Ballard Carl Phillips had become addicted to the habitual use of narcotics. The complaint also sought the custody of three minor children of the marriage.

Service being perfected on the respondent in the divorce proceedings, a sworn plea in abatement was filed in his behalf. Testimony on the plea in abatement was taken before Hon. James D. Buck of the Circuit Court of Tuscaloosa County. After a hearing, an order was entered denying the respondent's said plea in abatement.

Following this ruling a petition for rule nisi or alternative writ of mandamus was submitted to this court, and this court entered an order granting the rule nisi against the Hon. James D. Buck, Judge of the Circuit Court of Tuscaloosa County, to show cause why his order denying the respondent's plea in abatement should not be set aside and held for nought.

In his petition for mandamus, the petitioner has also prayed that if the order denying the plea in abatement is set aside that the chancellor below be ordered to stay all further proceedings in the divorce case, and that said cause be transferred to the Circuit Court of Geneva County, Alabama, in equity.

At the hearing on the plea in abatement, evidence was produced on behalf of the respondent, Ballard Carl Phillips, Sr., which showed that at the time of his birth his parents were living near Samson in Geneva County, Alabama. The respondent graduated from high school in Samson, Alabama, about the time he was 17 years of age in 1947; the following fall he entered the University of Alabama, and remained as a student in that institution until his graduation; during the time he was a student in the University, the respondent and the complainant were married in Columbus, Mississippi, in 1948 or 1949. Thereafter the couple lived in the home of his wife's father during most of the time that he was in Tuscaloosa, although for several months they occupied quarters in apartments rented by the University.

The evidence further shows that during his student days in Tuscaloosa the respond-

ent worked at various jobs to help maintain himself and his family.

In the fall of 1952, after his graduation from the University, the respondent entered the School of Medicine of the University of Alabama in Birmingham, Alabama, and he was in attendance in the School of Medicine and in residency and internship until June 1961, or some nine years. The evidence presented by the respondent further shows that upon becoming 21 years of age in 1951, he went before the registrars in Geneva County and registered as a voter in that county. The record further shows that he was a qualified voter in Geneva County for each of the years from 1952 to 1962, and voted in several elections held during that period of time.

The evidence further shows that the Court of County Commissioners of Geneva County, upon certification of the Board of Censors of the Geneva County Medical Society, judicially determined in 1952 that the respondent was a resident of Geneva County and the Board of Commissioners of Geneva County awarded the respondent medical scholarships in the School of Medicine of the University of Alabama for the years 1952, 1953, 1954, 1955, and 1956 respectively, pursuant to the provisions of Sec. 509(6), Title 52, Code of Alabama 1940, as amended.

Mrs. Willie Elmore Phillips, mother of the respondent, testified that while the respondent was visiting her home in Geneva County after leaving Birmingham but before going to Clarke County, he told her that within two years he would take the Medical Board examinations, and then he was obligated to return to Geneva County to practice medicine because of the commitments contained in his scholarship award.

The complainant, Margarette B. Phillips, testified that while they were living in Birmingham, and during the respondent's residency or internship, the respondent became addicted to the use of narcotics and she was compelled to return to her parent's home in Tuscaloosa with the three children of the marriage.

The complainant further testified that the respondent had stated that Tuscaloosa was really the only home he had ever had; that he did not like Geneva County, and had stated that before he would return there he would pay back the money granted under the scholarship as he was privileged to do.

The evidence further shows that upon the separation of the complainant and respondent in Birmingham, the respondent's mother came to Birmingham and returned with him to Geneva County for a short time, and then entered him in the Hillcrest hospital in Birmingham. We assume this was for his narcotic addiction.

Upon the completion of his stay in Hillcrest, the respondent apparently went to Clarke County, for it is inferable from the record that the respondent went to Clarke County, Alabama, and was there apparently associated with a doctor in the practice of medicine.

In her bill of complaint the complainant avers that on 24 September 1961, the respondent attempted to commit suicide.

Judge Buck has also placed much emphasis on the fact that Hon. Gordon Davis, one of the attorneys for the respondent, in the sworn plea in abatement had set forth that at the time the divorce proceedings were filed the respondent was a bona fide resident of Clarke County. However, it further appears that Mr. Davis later amended his original plea in abatement by substituting the words "Geneva County," in lieu of "Clarke County." This amendment was likewise sworn to by Mr. Davis.

The decisive question is whether this respondent has ever acquired a domicile in Tuscaloosa County.

In determining this question, we will review some of the rules pertaining to domicile. Since every person must have a domicile, the law assigns to persons incapable of acquiring a domicile through choice, a domicile by operation of law. This first domicile so assigned is the domicile of

origin. Beale, Conflict of Laws, Vol. 1, page 210. The place of the birth of a person is considered as his domicile of origin, if at the time of his birth it is the domicile of his parents. Daniel v. Hill, 52 Ala. 430. A domicile of origin, as in the case of domicile of choice, when once established is continuing until another domicile is acquired. Daniel v. Hill, supra; Merrill's Heirs v. Morrissett, 76 Ala. 433; Ex parte Bullen, 236 Ala. 56, 181 So. 498; Ex parte State ex rel Altman, 237 Ala. 642, 188 So. 685.

Under the uncontradicted evidence the respondent's domicile of origin was in Geneva County.

■■ In order to acquire a domicile of choice there must be both an abandonment of the former domicile with no present intention of return, and the establishment of another place of residence with the intention to remain permanently, or at least for an unlimited time; and the intent to remain permanently may be inferred from the intent to remain for an unlimited time. Holmes v. Holmes, 212 Ala. 597, 103 So. 884; Merrill's Heirs v. Morrissett, supra; Allgood v. Williams, 92 Ala. 551, 8 So. 722.

It is also well settled by our decisions that a domicile once acquired continues until a new domicile is effectuated. Holmes v. Holmes, supra; Pope v. Howle, 227 Ala. 154, 149 So. 222; Glover v. Glover, 18 Ala. 367; Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788.

■ Concededly, Geneva County was the respondent's domicile of origin. The action of the respondent in registering as a voter in Geneva County and in accepting a medical scholarship from the Court of County Commissioners of Geneva County for some five years, which scholarship could be awarded only on the basis that the respondent was a domiciliary of Geneva County, is evidence of highest probative value that Geneva County was also the respondent's domicile by choice.

It is true that the respondent was a student at the University of Alabama in Tuscaloosa for some four years. That he intended to be in Tuscaloosa only as a student and temporarily is evidenced by the fact that upon his graduation at the University, he entered the School of Medicine in Birmingham in the fall following his graduation. During his entire stay in Tuscaloosa the respondent was registered as a voter in Geneva County.

Furthermore, Sec. 17, Title 17, Code of Alabama 1940 provides:

"No person shall lose or acquire a residence either by temporary absence from his or her place of residence without the intention of remaining, or by being a student of an institution of learning * * *."

While the above section is in the chapter concerning electors and voters, the declaration is but a recognition of established principles concerning domicile and is persuasive in our present determination.

Even though the respondent had expressed a dislike of Geneva County and his intention not to return there, we can find nothing in the evidence presented showing that the respondent had, by any of his acts, indicated his intention of making Tuscaloosa his home or domicile. In fact, the inferences from the evidence are otherwise. This being so, his Geneva County domicile must be deemed to have continued, by respondent having acquired no new domicile.

■ Nor can we attach any significance to the variance in sworn plea in abatement in reference to changing Clarke County to Geneva County. It can in no wise show that the respondent was domiciled in Tuscaloosa County, which is the question with which we are now concerned.

Section 28, Title 34, Code of Alabama 1940, provides that:

"Bills for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which

the parties resided when the separation occurred."

In Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510, this court held that under the above statute, venue in divorce actions was in the county of the respondent's domicile, with a concurrent venue in the county where the parties separated provided the county of separation was the domicile of both parties at the time of the separation.

The county of separation is of no importance in the present case since the undisputed evidence shows that Jefferson County was considered by both parties as only a temporary abode at the time they separated in that county.

■ Section 1 of Act No. 76, approved 15 September 1961, Acts Spec. Sess. 1961, p. 1953, (Sec. 64(1), Title 7, Code of Alabama 1940, pocket part) provides:

"When a trial court sustains a plea in abatement as to venue, the court shall order a transfer of the case to some proper court in which the case might have been legally instituted and the case shall proceed in such court as though originally instituted therein. The defendant shall have the right to select the court to which such case shall be transferred in the event the case is within the jurisdiction of more than one court."

In his answer Judge Buck asserts the view that the above act does not apply to equity cases.

We do not agree. The act by its terms refers to transfer of "cases" upon the sustension of a plea in abatement. We know of no reason why it should not apply to equity cases, and the public interest in an efficient procedural disposition of litigation makes appropriate its application to all cases, whether law or equity.

■ It being our conclusion that the lower court erred in denying respondent's plea in abatement, it is hereby ordered

that all proceedings in the case of Margarette B. Phillips, Complainant, vs. Ballard Carl Phillips, Respondent, in the Circuit Court of Tuscaloosa County, be stayed pending the transfer of this case to the Circuit Court of Geneva County, upon appropriate orders of the Circuit Court of Tuscaloosa County, in Equity.

Writ granted.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.