**Spencer HOGUE, individually and on behalf of all others similarly situated, Albert Turner, President, Perry County Civic League, individually, and on behalf of all others similarly situated, Plaintiffs,**

v.

**The Honorable G. B. AUBURTIN, Acting City Clerk, Election Clerk, City of Marion, Alabama; the Honorable O. J. Barton, Probate Judge, Perry County, Alabama; the Board of Registrars of Perry County, Alabama, and N. J. Davis, in his capacity as Chairman of the Board of Registrars; the Honorable R. L. Pegues, Mayor of Marion, Alabama; the Honorable James Pearson; the Honorable Douglas Moore; the Honorable C. B. Ivey; the Honorable W. O. Carter; the Honorable Paul Anderson, Members of the City Council of Marion, Alabama, Defendants.**

Civ. A. No. 5118–68.

United States District Court
S. D. Alabama, N. D.

Oct. 11, 1968.

Harvey M. Burg, Birmingham, Ala., Norman C. Amaker, James Finney, Jack Greenberg, New York City, for plaintiffs.

Mason & Davis, Thaddeus J. Davis, Jr., Marion, Ala., MacDonald Gallion, Atty. Gen., State of Alabama, Montgomery, Ala., for defendants.

## TEMPORARY INJUNCTION

PITTMAN, District Judge.

The plaintiffs filed a complaint, motion for a preliminary injunction, and motion for a temporary restraining order on August 8, 1968. The temporary restraining order sought to restrain the holding of a municipal election for the offices of Mayor and City Councilmen to be held in Marion, Perry County, Alabama, on August 13, 1968, together with other relief, all without notice and without a hearing. The motion for the temporary restraining order was denied on the same date.

The motion for a preliminary injunction and all other motions were heard on October 1, 1968. The motion to dismiss the Board of Registrars of Perry County, Alabama, has been granted. Leave

was given to the plaintiff to add as party defendants the members of the Board.

The motion to dismiss the defendants G. B. Auburtin, in his capacity as Election Clerk, City of Marion, Alabama, R. L. Pegues, in his capacity as Mayor of Marion, Alabama, James Pearson, Douglas Moore, C. B. Ivey, W. O. Carter, and Paul Anderson, each in his capacity as a member of the City Council of Marion, has been granted. All other motions have been denied.

Ann Marsh and Joe E. Bennett, as members of the Board of Registrars of Perry County, Alabama, have been added as parties defendant.

On October 1, 1968, evidence was taken, arguments were made, and upon this evidence and subsequent affidavits filed by the plaintiff, together with exhibits, the case was taken under submission.

This case presents urgent and critical circumstances involving the general election to be held November 5, 1968, in that there is an "apparent" excess of white voters in Perry County over those white persons of voting age who physically reside there. There are registered 4,-654 white voters and 3,441 or less white persons of voting age who physically reside there. The United States Census for 1960 reflects that 60.2% of those of voting age were Negro and 39.8% were white. These percentages are likely to be substantially the same. Most of the registration of Negro voters has occurred since 1960, and the greater portion of them since 1965 when Federal Registrars were sent into Perry County.

■■ Plaintiffs' prayer to enjoin all elections scheduled for November 1968 is denied. The magnitude of evidence which would be necessary to properly adjudicate principally the issues of whether or not those voters who may or may not physically reside in Perry County turns on the question of domicile which under Alabama law is not necessarily the same as physical presence in a county. Wilkerson v. Lee, 236 Ala. 104, 181 So. 296, 298 (1938); Ex parte Phillips, 275 Ala. 80, 152 So.2d 144, 147 (1963) (Alabama appellate court decisions) and Gray et al. v. Main et al., 3/29/68, 291 F.Supp. 998, U. S. District Court for the Middle District of Alabama. The complainants in this cause did not file their complaint until August 8, 1968, a period of time too close to November 5, 1968, election date, to permit the proper development of evidence that would justify the extraordinary relief sought of enjoining an election which includes state and national candidates.

There are areas of action which the defendant members of the Board of Registrars and the Probate Judge are capable of taking before the November election.

It is therefore ordered, adjudged and decreed as follows:

The Chairman and each member of the Board of Registrars of Perry County, Alabama, are enjoined

1. (a) from failing to recheck all deaths reported for Perry County by the appropriate State agency since January 1, 1963, to and through October 24, 1968, and from failing to purge any persons so reported in the records as deceased from the official voters list for the November 5, 1968, election, and

(b) from failing to recheck the appropriate State of Alabama and Perry County reported names since January 1, 1960, of voters who have moved from Perry County and registered in another county in Alabama, and from failing to purge all names on said list from the official voters list of Perry County for the November 1968 elections, and

(c) from failing to re-examine the official voters list and purge therefrom those who have changed their domicile from Perry County, subject to a reasonable and good faith effort in this regard considering the complexity of the issue and the time element before the election, and

(d) from failing to furnish the defendant Probate Judge a correct purged official voters list of Perry County, Ala-

bama, in accordance with the above provisions on or before October 24, 1968.

2. The defendant Probate Judge, O. J. Barton, is enjoined from:

(a) failing to withdraw the voters list presently certified, and from certifying any official voters list until the purge herein set out is completed, and then, from failing or refusing to certify as official voters list for Perry County, Alabama, the new list resulting from the purge herein set out by the defendant Chairman and members of the Board of Registrars, and

(b) from publishing an official voters list in any newspaper until the above purge is completed as above set out.

3. The defendants are ordered to file jointly with this court, upon completion of the purge and corrected voting list, a report listing the names of the persons purged, their race, the beat or box of the purged voter, and the reason for the voter being purged, on or before October 30, 1968.