Johnny Osborn, defendant below, appeals from an order holding him ineligible, for lack of residence within the city limits, to be a candidate for councilman for the City of Attalla. We affirm.
 Facts and Proceedings Below
Johnny Osborn has lived most of his life in the City of Attalla. He has lived in numerous residences, but we will discuss only the later ones which are pertinent to this case. About 1972, Osborn sold the house he was living in on Fifth Street and moved to a house on Eighth Avenue. A year and a half or so later, he built a house on Eleventh Street and moved out of the house on Eighth Avenue. All these houses are in the city limits of Attalla.
There was conflicting evidence as to where Osborn actually moved when he moved from Eighth Avenue, because he had also built a house in 1972 on Highway 431, about three miles outside of the Attalla city limits. Osborn sold the house on Eleventh Street about 1976; he claims to have moved back into the house on Eighth Avenue, but there was evidence that he and his family lived in the house on Highway 431 beginning in 1972, and continuing until the events in question. We need not deal with these conflicts because Osborn sold the house on Eighth Avenue, the last house he owned in the city limits, in 1978.
Osborn began construction of a house on a lot he owned on Fifth Street in early 1980. On May 23, 1980, Osborn filed with the city clerk a statement of candidacy for councilman, place number 4, of the City of Attalla. That statement provides in part:
 I, the undersigned, being first duly sworn, depose and say that I am a citizen of the city (town) of Attalla, Ala., in said county, and reside at South 5th Street, in said city (town); that I have been or will have been on the date of the municipal election a resident of said city (or town) for a period of not less than 90 days. . . .
The election was held on July 8, 1980; Osborn received the most votes in a four-way race for the council seat and was scheduled to be in a run-off with the second place finisher, a Mr. Sheffield, on July 29th. On July 11th, Billy O'Barr, the third place finisher in the July 8th election, filed suit against Osborn and the City of Attalla, contesting the election on the grounds that Osborn was not a resident of Attalla and that he had sworn falsely that he was.
At the trial of the case ore tenus, Osborn admitted that the house was not completed on May 23rd and that he had not moved in on July 8th; in fact, at trial on July 25th, he admitted that carpet, major appliances, and bedroom furniture had just been put in, and that he had first slept there about a week before. The trial court entered the following order:
 It is the finding of the Court that Johnny Osborn was not a resident of the City of Attalla, Alabama, on July 8, 1980 and therefore at that time could not be a candidate for election to the office of City Councilman Place # 4.
 It is therefore ordered that Mr. Osborn was not eligible to be a candidate on July 8, 1980 and is therefore not an eligible candidate for the run-off election scheduled to be held on July 29, 1980.
This order was entered on the 25th of July; on the 28th the Court issued, but on the same day retracted, an amended order *Page 775 
which declared the candidate behind Osborn the victor. The run-off was held the next day, apparently with the ballot as planned, and Osborn lost.
On August 1st, O'Barr filed a motion to alter or amend the judgment and asked that the election of July 8th be declared void and that a new election be held, "with the three remaining eligible candidates participating therein." On August 4th, the Court ordered the election of July 8th declared void, but did not order a new election. Osborn had filed this appeal on July 28th.
 Issues and Analysis
The parties correctly assert that "the terms `legally resides,' `inhabitant,' `resident,' etc., when used in connection with political rights are synonymous with domicile."Mitchell v. Kinney, 242 Ala. 196 at 203, 5 So.2d 788 (1942). Osborn argues that he intended to retain his domicile in Attalla, but we find that when he sold his last residence within the city limits, his domicile of necessity was his residence on Highway 431. See Mitchell v. Kinney, supra.
Nor could his domicile have changed from the Highway 431 house to the Fifth Street house until he actually moved out of the former into the latter.
 In order to acquire a domicile of choice there must be both an abandonment of the former domicile with no present intention of return, and the establishment of another place of residence with the intention to remain permanently, or at least for an unlimited time. . . .
Ex Parte Phillips, 275 Ala. 80, at 83, 152 So.2d 144 (1963). Having acquired a domicile at the Highway 431 house, Osborn would have to show much more than that he was building a house in town to prove a change of domicile.
Osborn contends that even if the trial court was correct in holding that he was not a resident of Attalla, the statute which requires a councilman to be a resident of the town in which he is elected is unconstitutional, at least as applied to him. The statute in question is Code 1975, § 11-43-1,Qualifications and residence of mayors, councilmen andofficers:
 Every mayor, councilman and officer elected by the whole electorate of the city or town shall be a resident and qualified elector of the city or town in which he shall have been elected and shall reside within the limits of the city or town during his term of office. The councilmen shall be qualified electors of said city or town, residing within the limits of the ward from which they shall have been elected and shall reside within the limits of said ward during the term of their office.
Osborn asserts that this statute is an infringement on the right to be a candidate for office, that it can be justified only by a "compelling state interest," and that all doubts must be resolved in the candidate's favor. McKinney v. Kaminsky,340 F. Supp. 289 (M.D.Ala. 1972).
We find no doubts to be resolved in Osborn's favor. He tries to distinguish Hadnott v. Amos, 320 F. Supp. 107 (M.D.Ala. 1970), aff'd 401 U.S. 968, 91 S.Ct. 1189, 28 L.Ed.2d 318
(1971), 405 U.S. 1035, 92 S.Ct. 1304, 31 L.Ed.2d 576 (1972), cited by appellee O'Barr. In Hadnott a three-judge federal district court upheld a one-year preelection residency requirement for Alabama circuit court judges. The requirement of § 11-43-1 that a councilman be a resident of his ward at the time of his election raises no constitutional problems. SeeHadnott, supra, McKinney, supra. We make no ruling on the 90-day pre-election requirement imposed by the form Mr. Osborn signed because the trial judge explicitly based his holding on the fact that Osborn was not a resident of Attalla at the time of the election.
Osborn contends that even if this statute is constitutional on its face, it is unconstitutional as applied to him. We disagree with this contention, also. Because of the difference in treatment between residents within the city and those without in terms of taxation, utility service, police and fire protection, etc., we hold that the fact of Osborn's *Page 776 
out-of-town residence outweighs any feeling he has that Attalla is his "home" in determining his qualification for office. We note that the facts of this case make no proof that Osborn has even yet abandoned his domicile on Highway 431.
Having determined that Osborn was not a resident of the City of Attalla, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.