The parties were divorced in 1982 in the Circuit Court of Shelby County. The father was awarded custody of the minor daughter. In 1987 the father voluntarily surrendered custody to the mother. In 1992 the mother filed a petition to modify custody and child support in the Circuit Court of Tuscaloosa County. The father filed a "Motion to Dismiss, or in the Alternative a Motion to Transfer," alleging that Tuscaloosa County was not the proper forum. Following a hearing, the motion was denied. The father filed a petition for writ of mandamus with this court requesting us to direct the trial court to transfer the petition to Shelby County or, in the alternative, to dismiss the action.
He insists that he is entitled to relief pursuant to the statutory language of § 30-3-5, Code 1975, which provides that venue in child custody/support modification proceedings lies in either the circuit court which granted custody or in the circuit court of the county wherein the current custodial parent and the minor child have resided for a period of at least three consecutive years immediately preceding the filing of the petition. He contends that the absence of the mother and child from Tuscaloosa County from July through September 1991 prohibits her from invoking the jurisdiction of the Tuscaloosa County Circuit Court.
It is established that in our divorce statutes residency means domicile. Webster v. Webster, 517 So.2d 5 (Ala.Civ.App. 1987). "Domicile requires residence at a particular place and an intent to remain there permanently, or for an indefinite length of time. Domicile is also the place to which a person when he is absent has intention of returning." Basiouny v.Basiouny, 445 So.2d 916 (Ala.Civ.App. 1984). A change of domicile cannot be inferred from a temporary absence. Ex partePhillips, 275 Ala. 80, 152 So.2d 144 (1963).
The determination of whether the mother resided in Tuscaloosa County, for purposes of invoking the jurisdictional language of § 30-3-5, is a mixed question of law and fact to be resolved by the trial court. Ex parte Williams, 456 So.2d 88
(Ala.Civ.App. 1984). The court's findings of fact are given a presumption of correctness and will not be disturbed unless we find them to be plainly and palpably wrong. Ex parte Greene,527 So.2d 1320 (Ala.Civ.App. 1988).
The record reflects that the mother and daughter have lived in Tuscaloosa County since 1987. In late July or early August 1991, the mother and daughter left Tuscaloosa County and went to stay with the mother's sister in Shelby County. The sister was experiencing a difficult pregnancy and had requested the mothers assistance. The mother and daughter initially resided with the sister and her family. In August the mother entered into an agreement to purchase a trailer that was close to the *Page 117 
sister's home. At the same time, she enrolled the daughter in a Shelby County school for the upcoming school year. The baby was born the last week of August. Following the birth, the sister's need for assistance began to taper off. In mid-September the mother and daughter moved back into their home in Tuscaloosa County. The daughter had attended school in Shelby County for only 15 days. The mother made two payments on the trailer and was not in the trailer long enough to receive any utility bills. She sold the trailer to a friend of hers. The mother testified that she never intended to move her permanent residence outside of Tuscaloosa County.
The trial court found that Tuscaloosa County was the mother and daughter's legal residence for the five years preceding the filing of the petition. It determined the two-month hiatus from that county to be of no significance. We agree. The mother had resided in Tuscaloosa County for seven years prior to filing the petition. The daughter has been with her for the last five years. Their temporary absence from that county in order to assist her sister with her difficult pregnancy did not toll the three-year residency requirement of § 30-3-5.
The writ of mandamus is due to be denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT DENIED.
All the Judges concur.