This is an income tax case.
The dispositive issue on appeal is whether the taxpayers were domiciled in the State of Alabama for the tax period in question.
The trial court on stipulated facts found that the taxpayers were United States citizens during the years in question; they did not intend to reside abroad permanently, but rather through their actions intended to return to the United States upon completion of employment. The trial court found the taxpayers were domiciled in Alabama during the tax years in question, 1976 and 1977. From this order, the taxpayers appeal, and we affirm.
The stipulated facts, in pertinent part, are as follows: The taxpayers, husband and wife, were without question domiciled in Alabama when the husband accepted overseas employment in Nigeria in 1975. Later that year, his wife moved to Nigeria to join her husband. Their three children, still in high school at the time, remained in the family home in Alabama. The taxpayers owned the home. In 1976, the house was rented, and remained rented during the years in question. One child went to college, and the younger two stayed with their grandmother in Alabama. During 1976-77, the husband never returned to Alabama. He let his Alabama driver's license lapse, and had a Nigeria driver's license. The wife renewed her Alabama license. Both parties were registered to vote in Alabama during 1976-77, although neither actually voted.
The taxpayers continued their pre-existing bank accounts in Alabama. It is customary for foreign nationals employed abroad to maintain domestic accounts in the United States due to currency restrictions existing in foreign countries.
From 1976 to date, the taxpayers have held residence permits from Nigeria, and the husband's income is taxed in Nigeria. They have been in Nigeria for seven years.
In 1978, the taxpayers bought a condominium in Florida, acquired Florida driver's *Page 797 
licenses, and transferred their banking to a Florida bank.
Our Alabama Supreme Court concisely stated the relevant Alabama law in the question of domicile in Jacobs v. Ryals,401 So.2d 776 (Ala. 1981). Domicile once acquired is presumed to exist until a new one has been acquired. Jacobs v. Ryals,supra; State ex rel. Rabren v. Baxter, 46 Ala. App. 134,239 So.2d 206 (1970). In order to displace the former, original domicile by acquisition of a new domicile, actual residence and intent to remain at the new domicile must both concur. Jacobsv. Ryals, supra; 8 Ala. Digest, Domicile, Key No. 4 (2). A change of domicile cannot be inferred from absence, temporary or due to employment, where there is an intent to return.Jacobs v. Ryals, supra; Wilkerson v. Lee, 236 Ala. 104,181 So. 296 (1938). The intent to return is usually of controlling importance. Jacobs v. Ryals, supra; Hilley v. Hilley, 275 Ala. 617, 157 So.2d 215 (1963).
One who asserts a change of domicile has the burden of establishing it, and where the facts are conflicting, the presumption is strongly in favor of an original, or former domicile, as against a newly acquired one. Jacobs v. Ryals,supra; State ex rel. Rabren v. Baxter, supra.
Actual physical residence on a day to day basis is not required. See Jacobs v. Ryals, supra, holding a couple who resided only two weeks a year in Alabama were domiciled in Alabama. See also Hogue v. Auburtin, 291 F. Supp. 1003 (S.D.Ala. 1969), stating that domicile and physical presence are not necessarily synonymous.
Although there are some facts which tend to support the taxpayers' claim that they were domiciled in Nigeria, not Alabama, during 1976-77, these facts are clearly not sufficient to overcome the presumption that Alabama remains their domicile. The taxpayers had substantial ties in Alabama during 1976-77 including their children, property, and parents. And although possibly explainable for other reasons, this court cannot ignore other indicia of domicile including Alabama voter registration, banking accounts in Alabama and church membership in an Alabama church during the years in question.
The taxpayers have failed to meet their burden in establishing Nigeria as their domicile in another critical way; that is, they have not shown an intent to remain in Nigeria. In order to establish Nigeria as their domicile, they need to show their intent to remain permanently, or at least for an unlimited time from which the intent to remain may be inferred.State ex rel. Rabren v. Baxter, supra; Holmes v. Holmes,212 Ala. 597, 103 So. 884 (1925). By their actions, the taxpayers have indicated an intent to remain at the most only until the husband retires. Although no specific date is involved, a specific event — retirement — will cause the taxpayers to leave Nigeria. Put another way, they will not be there for an "unlimited time," because they will leave upon the husband's retirement. The fact that the taxpayers have established a home in Florida further supports the trial court's finding that the taxpayers are not domiciled in Nigeria because they have no intent to remain.
Having failed to establish an intent to remain in Nigeria in addition to failing to establish that they had no intent in 1976-77 to return to their home in Alabama, the taxpayers must be viewed as having been domiciled in Alabama during the years in question.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 798