SHORES, Justice.
This appeal concerns an election contest challenging the residency of Ralph Shoemaker, who was declared the winner of a run-off election for alderman, place 2, of the town of Sumiton, Walker County, Alabama. The contestants contend that Shoemaker is ineligible to hold the position because, they say, he is not a resident of Sumiton.
After a bench trial, the court entered its final judgment as follows:
“This cause comes for adjudication before this Court as a result of an election contest filed by Joyce Parr, James T. Parr, Naveree Fowler, J.T. Fowler, William Thomas Sides, Gaines C. Flippo, James M. Cook, Earl E. Davis and Charles T. Brookout (hereinafter referred to collectively as ‘Parr’ or ‘Contestants’), and having been heard ore terms on October 24, 1988 in open Court; and the Court having heard the testimony, reviewed the exhibits and considered the argument of counsel submitted in brief on behalf of the respective parties; and the Court in deciding this case having observed the demeanor of the witnesses, and having considered only the legal and admissible evidence presented to the Court; the Court makes the following findings of fact, conclusions of law, and Order:
“The contestants presented evidence by oral testimony by Ralph Shoemaker, the Defendant, his wife, Renee Shoemaker, and the radio dispatcher for the City of Sumiton, Alabama. The Court observed carefully the testimony and demeanor of these witnesses and found the testimony offered by Mr. and Mrs. Shoemaker were responsive and credible.
“Mr. Kitrell, on the other hand, the only other witness offered by the Contestants, was uneasy and evasive in his responses, and clearly was not responding in the manner sought by counsel.
“The Defendant presented testimony on cross-examination of Mr. Shoemaker, as well as through two neighbors, Mrs. Burns and Mr. Ingle, and a Walker County Sheriff’s Deputy, Mr. Ralph Williams.
“Also called as a witness was Mayor Gwin Wells, Mayor of Sumiton.
“Like the Shoemakers, the Defendants’ witnesses were credible and appeared to be honest and forthright. There was no testimony offered or elicited to show any bias or prejudice on the part of these witnesses, and for aught that appears in the record, these witnesses had no stake in the outcome of this matter, save to testify truthfully.
“Evaluating the testimony of these witnesses in the light of the Court’s observations as set out before, the Court finds the evidence in this case to be that Ralph Shoemaker set up housekeeping at Main Street, Sumiton, Alabama, in approximately 1980. He has, at that location, what Deputy Williams likened to an apartment. He eats, sleeps and receives mail and personal calls there. He has a separate telephone line from his business.
“In 1984, long before the election here at issue, Mr. Shoemaker transferred his right, title and interest to a houseplace on Bryan Road to his wife and son. Whatever the reason for this transfer, it is abundantly clear that this transfer in 1984 had no relationship to the election on September 13, 1988.
*39 “Mayor Wells certified Mr. Shoemaker a duly registered elector for the municipal election in Sumiton, Alabama. Mr. Shoemaker voted in both the primary and the run-off election. It is indisputable that his vote was challenged neither time.
“The applicable statute requires the Mayor of a municipality to certify as registered voters those persons who reside within the city, and who are otherwise qualified voters. Mayor Wells testified that the list he certified was correct as best he could determine.
“Similarly, the statutes convey a right to any elector who knows or has reason to believe an illegal vote is being cast, to challenge that vote, and a method of challenge is prescribed by law.
“It is not in dispute that Mr. Shoemaker voted both in the primary and run-off elections. No challenge was made to his votes.
“No testimony was offered as to how much publicity was generated in the course of this campaign. It is fair to assume, however, that sufficient advertising or campaigning was done so as to cause many persons in Sumiton to vote in his election, with Mr. Shoemaker receiving a majority in the run-off. One must reasonably conclude that there is a factual presumption of Mr. Shoemaker’s residency arising from Mayor Wells’ certification of his residency and the failure of any challenge to be posed to his voters [sic].
“These presumptions are buttressed by an overwhelming quantity of physical evidence, introduced, without objection, which demonstrates that Mr. Shoemaker conducts from his abode at Main Street, Sumiton, all of those normal day to day routines we all conduct from our respective homes. Many of these span a period of time from 1981 to the present.
“To be considered in resolving this matter is the intent of Mr. Shoemaker. Mr. Shoemaker’s unequivocal testimony is that he intends to maintain his residence in his living quarters at Main Street in Sumiton, Alabama.
“Nothing in the testimony of any witnesses challenges what Mr. Shoemaker says to be his intent.
“Indeed, Mr. Burns and Mr. Ingle fully supported Mr. Shoemaker’s contentions that he spends day and night at his Main Street residence. Deputy Williams further confirms this.
“The Contestants argue that Mr. Shoemaker has failed to meet his burden of proof that his residence is where he says it is. This Court does not understand the burden of proof to lie with Mr. Shoemaker.
“Indeed, the Contestants have brought this action and bear the burden to prove their allegations. This, they have failed to do.
“The people of Sumiton, Alabama, elected Mr. Shoemaker to serve as their City Councilman. Absent some proof of his being disqualified to serve, this Court will not interfere with the elective process. The credible evidence, taken as a whole, is that in 1980, Mr. Shoemaker made a career and personal choice to move to Main Street in Sumiton, Alabama, and there make his residence. This he did long before the election at issue. There is no evidence that Mr. Shoemaker ever affirmatively changed his residence away from Main Street, Sumiton, Alabama, or took any action to do so.
“Based upon the foregoing, the Court finds that the election contest is due to-be denied, and IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this election contest is DENIED, Ralph Shoemaker is affirmed as the duly elected member of the City Council of Sumiton, Alabama, with costs taxed against the Contestants, for which let execution issue.
“DONE AND ORDERED this the 18th day of November, 1988.
“[signed] Horace H. Nation, III “HORACE H. NATION, III — CIRCUIT JUDGE”
The contestants appeal. We affirm.
The record supports the finding of the trial court on the issue of Mr. Shoemaker’s *40 domicile. It is true, as the appellants argue, that there was some evidence to support the charge that he never intended to change his domicile from Dora to Sumiton, but there was evidence to the contrary. Where there is credible evidence on both sides of a disputed issue that is dispositive of the case, the trial court’s judgment is to be affirmed. Osborn v. O’Barr, 401 So.2d 773 (Ala.1981); Kelly v. Smith, 454 So.2d 1315 (Ala.1984); Wood v. Wilkinson, 425 So.2d 1062 (Ala.1982); Jones v. Jones, 470 So.2d 1207 (Ala.1985).
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.