[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 351 
Tyne Z. Coley petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to transfer this case to the Perry Circuit Court. We deny Coley's petition.
 Facts and Procedural History
In January 2003, a car driven by Tyne Z. Coley collided with a car parked partially in Coley's lane of travel. The accident occurred in Perry County. A passenger in Coley's car, Lindsay Faye Potts, died as a result of the injuries she sustained in the accident. At the time of the accident, Coley was a student at Judson College in Perry County. Coley had lived with her parents in Jefferson County before she began attending Judson College.
In January 2005, Lindsay's parents, Orliff C. Potts and Linda C. Potts, as personal representatives of Lindsay's estate, filed a wrongful-death action against Coley and fictitiously named defendants[1] in the Jefferson Circuit Court. Coley moved the trial court to transfer the case to Perry County. Coley argued that venue in Jefferson County is improper and that, even if venue is proper in Jefferson County, the action should be transferred to Perry County based on the doctrine of forumnon conveniens. The trial court denied Coley's motion to transfer the case. Coley petitions this Court for the writ of mandamus directing the trial court to transfer the action to the Perry Circuit Court.
 Standard of Review
"This Court reviews mandamus petitions seeking review of a venue determination *Page 352 
by asking whether the trial court exceeded its discretion in granting or denying the motion for a change of venue." Exparte Perfection Siding, Inc., 882 So.2d 307, 310
(Ala. 2003) (citing Ex parte Scott Bridge Co.,834 So.2d 79, 81 (Ala. 2002)).
 Analysis I.
"`When ruling on a motion to transfer venue, the trial court must determine whether venue was proper at the time the action was filed.'" Ex parte Ambrose, 813 So.2d 806, 810
(Ala. 2001) (quoting Ex parte Canady, 563 So.2d 1024,1025 (Ala. 1990)).
 "[P]ersonal actions [against individuals, other than for the recovery of land or on contracts,] if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred."
Ala. Code 1975, § 6-3-2(a)(3). There is no dispute that the accident giving rise to this action occurred in Perry County. Therefore, the action was properly brought in Jefferson County only if Jefferson County was the county of Coley's permanent residence at the time the action was commenced.
Coley argues that the case was not properly brought in Jefferson County because, she says, Perry County was the county of her permanent residence when the action was commenced in January 2005. The Pottses argue that Coley's county of permanent residence in January 2005 was Jefferson County, where she had resided with her parents before attending Judson College in Perry County.
 "Generally, the terms `residence' and `domicile' are not considered synonymous. . . . However, when determining venue, most jurisdictions, including Alabama, do consider the terms synonymous. . . . The terms denote the place where the person is deemed in law to live and may not always be the place where the person is actually dwelling."
Ex parte Sides, 594 So.2d 93, 95 (Ala. 1992) (citingEx parte Weissinger, 247 Ala. 113, 22 So.2d 510
(1945)). Thus, our focus is on where Coley was domiciled, not on where she actually resided, at the time of the accident.
 "A person's domicile is that place in which his habitation is fixed, without any present intention of removing, and it embraces (1) the fact of residence and (2) the intention to remain. As a general proposition a person can have but one domicile, and when once acquired is presumed to continue until a new one is gained facto et animo,[2] and what state of facts constitutes a change of domicile is a mixed question of law and fact."
Weissinger, 247 Ala. at 117, 22 So.2d at 514.
It appears that the parties concede that Coley's domicile was Jefferson County before she began attending Judson College in September 2002. Thus, the question is whether Coley had, when this action was filed in January 2005, effectively changed her domicile to Perry County. In answering the question, the trial court was to consider whether Coley physically resided in Perry County and whether she had the intention to remain there permanently so that she had abandoned Jefferson County as her domicile. This Court has explained the two requirements as follows: *Page 353 
 "A change of domicile cannot be inferred from an absence, temporary in character, and attended with the requisite intention to return. To the fact of residence in the new locality there must be the added element of the animus manendi[3] before it can be said that the former domicile has been abandoned. The intention to return is usually of controlling importance in the determination of the whole question. . . . Or . . . there must be an absence of any present intention of not residing in the new domicile permanently or for an indefinite time."
Weissinger, 247 Ala. at 117, 22 So.2d at 513.
Coley has the burden of establishing that she had abandoned Jefferson County as her county of residence and reestablished permanent residence in Perry County; the presumption is against a finding that she had. "One who asserts a change of domicile has the burden of establishing it. . . . And `where facts are conflicting, the presumption is strongly in favor of an original, or former, domicile, as against an acquired one.'"Weissinger, 247 Ala. at 117, 22 So.2d at 514 (quoting 28 C.J.S. Domicile § 16).
We cannot conclude that the trial court exceeded its discretion in determining that Coley has not overcome the presumption that her domicile remained in Jefferson County while she was enrolled as a student at Judson College. Coley offered the following facts to the trial court, and argues them to this Court, in order to show that she had the requisite intention to change her county of permanent residence to Perry County. Coley graduated from Pinson High School in Jefferson County in 2002. In September 2002, she began attending Judson College in Perry County. Judson College requires its students to live in on-campus housing. Thus, from September 2002 through June 2005[4] (which encompasses the date of the accident) Coley lived on the campus of Judson College in Perry County. Coley also contends that she did not return to Jefferson County to visit her parents on weekends, but stayed with her parents at their second home, a farm in Perry County. Coley also contends that she did not return to Jefferson County during the summer months of her college years; instead, she either attended summer school at Judson College or worked at a camp in St. Clair County. Coley says that during those summers she spent only a night or two with her parents in Jefferson County. Coley also contends that she spent Thanksgiving and Christmas holidays at her parents' farm in Perry County.[5] Coley stated in her affidavit filed in February 2005 that she does not consider her parents' home in Jefferson County to be her home; that she no longer has a bedroom there; and that she considers her permanent residence to be her parents' farm in Perry County.
Coley further contends that she "is registered to vote in Perry County." Coley includes her voter-registration card, which *Page 354 
indicates that she was registered to vote in Perry County as of June 27, 2005, the date of her deposition, and also indicates "last change: 05/05/2005." Coley does not state that she was registered to vote in Perry County as of January 2005, when this action was filed.
In support of their argument that in January 2005 Coley had not exhibited the intention to reside permanently in Perry County, the Pottses argue: (1) that Coley was registered to vote in Jefferson County when this action was filed;[6] (2) that Coley's bank accounts list her home address as being in Jefferson County; (3) that Coley represented to lenders that she was a resident of Jefferson County; (4) that Coley represented to the Internal Revenue Service and the Alabama Department of Revenue on her tax returns filed in April 2005 that she was a resident of Jefferson County; (5) that Coley represented to health-care providers that she was a resident of Jefferson County; (6) that Coley represented to the driver's license division of the State of Alabama that she resided in Jefferson County when she renewed her driver's license in October 2004; and (7) that Coley is a member of a church in Jefferson County. With respect to many of these records, Coley responds that the documents reflecting her Jefferson County address were accurate before she began attending Judson College in September 2002, but she just "never changed them."
The evidence regarding Coley's intention to abandon Jefferson County as her permanent residence and establish permanent residency in Perry County is conflicting. "[W]here facts are conflicting, the presumption is strongly in favor of an original, or former, domicile, as against an acquired one."Weissinger, 247 Ala. at 117, 22 So.2d at 514. Because of the presumption against a change of domicile, the conflicting evidence as to domicile, and the fact that the burden rests on Coley to prove the change of domicile, we cannot conclude that the trial court erred in concluding that in January 2005 Coley had not abandoned Jefferson County as her county of permanent residence and established permanent residency in Perry County.
Coley argues that there is "no evidence to suggest that Coley ever intended to return to live with her parents in Jefferson County."[7] Coley cites Weissinger, which states that "[t]he intention to return is usually of controlling importance."247 Ala. at 117, 22 So.2d at 513. However, it is not the Pottses burden to come forth with evidence to show that Coley intended to return to live with her parents in Jefferson County. Instead, it is Coley's burden to show that she had the intention to remain permanently, or indefinitely, in Perry County and that she did not intend to return to Jefferson County to live. We cannot disagree with the trial court that she failed to do so.
The burden is on Coley in this mandamus proceeding to demonstrate a "clear right" to the relief she seeks. We cannot conclude that Coley is clearly entitled to have this case transferred to Perry County.
 II.
Coley argues in the alternative that, if this Court determines that venue is *Page 355 
proper in Jefferson County, the action should nonetheless be transferred to Perry County based on the doctrine of forumnon conveniens. Ala. Code 1975, § 6-3-21.1(a), states:
 "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
It appears that the action "might have been properly filed" in Perry County, because the accident occurred there. See
Ala. Code 1975, § 6-3-2. The parties do not argue this point. Thus, the trial court could properly transfer the case to Perry County "for the convenience of parties and witnesses, or in the interest of justice." See Ala. Code 1975, §6-3-21.1(a). As the Pottses correctly point out, Coley's burden was to show the trial court that Perry County is a significantly more convenient forum than is Jefferson County. See Ex partePerfection Siding, Inc., 882 So.2d at 312 ("The defendant must show that his inconvenience and expense in defending the action in the selected forum outweigh the plaintiff's right to choose the forum; that is, the defendant must suggest transfer to a county that is `significantly more convenient' than the county in which the action was filed."). Coley's burden before this Court on mandamus review is to show that she is clearly entitled to a transfer to Perry County.
In support of her contention that a trial in Perry County would be more convenient for the witnesses, Coley contends that
 "the Perry County law enforcement personnel who investigated the accident and will be called to testify at trial likely reside in Perry County. At least two key witnesses expected to be called at the trial of this case, Robert Grimes and Ryan Whisenant, are thought to reside in Perry County."
Coley's petition, p. 11. With respect to the convenience of the parties, Coley states:
 "As of June 28, 2005, Coley was living in Perry County. Lastly it is believed that the [Pottses] still reside in Florida and have no connection to Jefferson County."
Coley's petition, p. 11.
Coley has not met her burden. Coley merely points out that the accident occurred in Perry County and contends that some of the witnesses "likely" or are "thought to" reside in Perry County. As for the fact that the Pottses reside in Florida, the Pottses contend that it is actually more convenient for them to fly into Birmingham for the trial of the case in Jefferson County than to travel by automobile to Perry County. In addition, the Pottses contend that Coley now lives in the Birmingham area. Coley responds that she testified at her deposition in June 2005 that she considers her home address to be the farm in Uniontown in Perry County but that she is "living out of a suitcase." The fact that she is "living out of a suitcase" does not support Coley's argument that it would be significantly inconvenient for her to defend this case in Jefferson County. Nor do her assertions that certain witnesses "might" reside in Perry County or the fact that the Pottses reside in Florida support her argument that Perry County is a significantly more convenient forum than is Jefferson County.
Coley has not met her burden of showing that the inconvenience and expense of trying the case in Jefferson County outweighs the Pottses' right to choose the forum. Thus, we cannot conclude that the *Page 356 
trial court exceeded its discretion in denying Coley's motion for a change of venue to Perry County based on the doctrine offorum non conveniens.
 Conclusion
Coley has not demonstrated to this Court that she is clearly entitled to the relief she seeks. We cannot conclude that the trial court exceeded its discretion in holding that Coley had not shown that she had abandoned Jefferson County as her county of permanent residence in favor of Perry County or in holding that Coley had not shown that Perry County is a significantly more convenient forum than is Jefferson County for the trial of this case. Accordingly, we must deny her petition for the writ of mandamus.
PETITION DENIED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] The Pottses sued as fictitiously named defendants "the driver(s) of the motor vehicle(s) whose negligence and/or wantonness caused the injuries to [Lindsay] on the occasion made the basis of this suit and/or are the principals, masters, or others having control over [Coley]" and "those persons who negligently or wantonly entrusted the vehicle to [Coley]."
[2] "Facto et animo" means "in fact and intent." Black'sLaw Dictionary 630 (8th ed.2004).
[3] "Animus manendi" means "[t]he intention to remain; the intention to establish a permanent residence." Black's LawDictionary 97 (8th ed.2004).
[4] Coley graduated from Judson College in June 2005 and, according to the Pottses, returned to the Birmingham area. The Pottses say that Coley's postgraduation conduct indicates that she did not have the intention to permanently remain in Perry County. However, the pertinent question is whether Coley had effectively changed her domicile to Perry County at the time the Pottses filed this action.
[5] Coley did return to her parents' home in Jefferson County immediately after the accident and stayed there for two weeks.
[6] Coley testified in her deposition that she registered to vote in Perry County in January 2005; however, she did not state the date on which she registered to vote. She stated that, before she registered to vote in Perry County, she was registered to vote in Jefferson County.
[7] Coley apparently would have us focus on her intention or lack of intention to return to reside with her parents, instead of on her intention or lack of intention to return to reside in Jefferson County.