MOORE, Judge.
 

 Richard Lee Ferguson (“the husband”) petitions this court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order denying his motion to dismiss the complaint for divorce filed by Xiaohe Ferguson (“the wife”). We deny the petition.
 

 Procedural History
 

 On November 15, 2007, the wife filed a complaint for a divorce from the husband. In her complaint, she alleged that she and the husband had been residents of Shelby County, Alabama, for more than six months immediately preceding the filing of the complaint and that the parties also reside in China. On December 19, 2007, the husband filed a motion to dismiss. On January 24, 2008, the husband filed a verified amended motion to dismiss. On February 1, 2008, the wife filed a response in opposition to the husband’s motion, along with evidentiary materials. On February 12, 2008, the trial court entered an order stating, in pertinent part: “Based in part on
 
 Jennings v. Jennings,
 
 647 So.2d 777 (Ala.Civ.App.1994), the [husband’s] Motion to Dismiss is Denied.” On March 25, 2008, the husband filed his petition for a writ of mandamus.
 

 Standard of Revieiv
 

 “A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
 

 Ex parte BOC Group, Inc.,
 
 823 So.2d 1270, 1272 (Ala.2001). “A petition for a writ of mandamus is a proper means by which to seek review of a question of subject-matter jurisdiction.”
 
 Ex parte Williford,
 
 902 So.2d 658, 662 (Ala.2004).
 

 Discussion
 

 “Section 30-2-5, Ala.Code 1975, discusses the residency requirements for a plaintiff in a divorce action when the defendant is a nonresident of Alabama and states:
 

 “ ‘When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.’
 

 “If the residency requirements are not met, then a trial court does not have jurisdiction over the marital res and any judgment entered is void.
 
 Seymour v. Seymour,
 
 597 So.2d 1368 (Ala.Civ.App.
 
 *522
 
 1992);
 
 Chavis v. Chavis,
 
 394 So.2d 54 (Ala.Civ.App.1981). For the purposes of § 30-2-5, residence is the same thing as domicile.
 
 Seymour v. Seymour,
 
 supra. ‘Domicile is defined as residence at a particular place accompanied by an intention to stay there permanently, or for an indefinite length of time.’
 
 Nora v. Nora,
 
 494 So.2d 16, 17 (Ala.1986). A person’s domicile continues until a new one is acquired.
 
 Id.”
 

 Fuller v. Fuller,
 
 991 So.2d 285, 290 (Ala.Civ.App.2008). “[T]he burden is on the party who asserts a change of domicile to prove it.”
 
 Richardson v. Richardson,
 
 258 Ala. 423, 425, 63 So.2d 364, 366 (1953).
 

 In the present case, the husband argues that the wife was not “a bona fide resident of this state for six months next before the filing of the complaint” and that he is not a resident of Alabama. Accordingly, he says, the trial court lacked subject-matter jurisdiction. The wife does not assert that she is a resident of Alabama. She does, however, argue that the husband had been domiciled in Alabama and that he had not effectively changed his domicile to China.
 

 .The husband averred in his verified amended motion to dismiss that he is a resident of China. The husband verified that the parties own a house in Alabama but that it had been continuously rented to another family since November 2006 and that neither he nor the wife had resided in that house in over one year. In fact, the husband averred that he had been in the United States only for approximately 20 days since August 2006. He further stated that the parties’ three-year-old child has been enrolled in a five-day-a-week, bilingual, pre-kindergarten program in China since July 2007.
 

 The wife submitted an affidavit in support of her opposition to the husband’s motion to dismiss. In that affidavit, the wife stated that she and the husband had resided in the United States and China “during the past few years” and that they own property, including a house, in both countries. The wife further stated in her affidavit that the husband’s permanent residence is in Alabama and that the husband claims the parties’ Alabama house as his permanent residence on all official documents and on his federal and state income-tax returns. She stated that the husband is a United States citizen and is not a citizen of China. The wife also stated that the husband “maintains a current driver’s license in Alabama, is registered to vote [in Alabama], owns real estate [in Alabama], maintains bank accounts [in Alabama], has employees [in Alabama], [and] files taxes in Alabama, both ... [individually] and [for] his corporation, L-Ferg, Inc.[
 
 1
 
 ]” To support her affidavit testimony, the wife submitted copies of the parties’ joint checking-account statements and 2006 federal and Alabama income-tax returns filed by the parties and filed by L-Ferg International.
 
 [2]
 

 We note that
 
 Andrews v. Andrews,
 
 697 So.2d 54 (Ala.Civ.App.1997), one of the cases upon which the husband relies, is substantially analogous to this case. In
 
 Andrews,
 
 the husband filed a complaint for a divorce in Alabama, asserting that the parties had been residents of Alabama for more than six months. The wife, who had previously filed a complaint for divorce in Florida, entered a special appearance in
 
 *523
 
 the Alabama action to contest jurisdiction, asserting that she was a citizen of Florida and that the husband had not been a resident of Alabama for more than six months before his complaint for divorce was filed. 697 So.2d at 55. This court noted that the husband had resided in Alabama for the six months preceding the filing of his complaint for divorce. 697 So.2d at 56. However, the wife in
 
 Andrews
 
 presented evidence indicating that “the husband still carried a Florida driver’s license at the time of the hearing, and that litigation had begun before he changed his Birmingham country club membership statuses, voting locale, and tax information.” 697 So.2d at 57. This court held that the husband had effectively changed his domicile to Alabama, stating that the wife’s evidence “show[ed] only an inertial delay in notifying various authorities of his changed residence.”
 
 Id.
 
 We conclude, however, that
 
 Andrews
 
 should be overruled because it is not in line with other cases decided by this court and our supreme court.
 

 In
 
 Ex parte Coley,
 
 942 So.2d 349 (Ala.2006), Orliff Potts and Linda Potts, as personal representatives of the estate of Lindsay Faye Potts, sued Tyne Coley in the Jefferson Circuit Court. 942 So.2d at 351. Coley sought to transfer the action to the Perry Circuit Court. The trial court denied Coley’s motion to transfer, and Coley petitioned the Alabama Supreme Court for a writ of mandamus directing the trial court to transfer the action to the Perry Circuit Court, the county of her permanent residence.
 
 Id.
 
 at 351-52. The supreme court held that Coley had failed to establish that she had changed her domicile from Jefferson County to Perry County at the time the complaint was filed in January 2005, in face of evidence
 

 “(1) that Coley was registered to vote in Jefferson County when this action was filed; (2) that Coley’s bank accounts list[ed] her home address as being in Jefferson County; (3) that Coley represented to lenders that she was a resident of Jefferson County; (4) that Coley represented to the Internal Revenue Service and the Alabama Department of Revenue on her tax returns filed in April 2005 that she was a resident of Jefferson County; (5) that Coley represented to health-care providers that she was a resident of Jefferson County; (6) that Coley represented to the driver’s license division of the State of Alabama that she resided in Jefferson County when she renewed her driver’s license in October 2004; and (7) that Coley is a member of a church in Jefferson County.”
 

 942 So.2d at 354 (footnote omitted). Further, in
 
 Whetstone v. State Department of Revenue,
 
 434 So.2d 796 (Ala.Civ.App.1983), an income-tax case in which the taxpayers, the Whetstones, asserted that they had been residents in a foreign country, not residents of Alabama, during the relevant tax years, this court held that, although the Whetstones had resided in a foreign country during the relevant period, the parties had “substantial ties in Alabama ... including their children, property, and parents.” 434 So.2d at 797. Further, this court stated that it could not “ignore other indicia of domicile including Alabama voter registration, banking accounts in Alabama and church membership in an Alabama church during the years in question.”
 
 Id.
 
 Based on that evidence, this court concluded that the Whetstones’ actions “indicated an intent to remain [in the foreign country] at the most only until the husband retires.”
 
 Id.
 

 Similarly, in the present case, we conclude that the husband failed to prove that he had changed his domicile from Alabama to China. Although the husband had moved from Alabama to China, the hus
 
 *524
 
 band had not demonstrated that, at the time the complaint for a divorce was filed, he intended to remain there permanently or for an indefinite length of time. At the time the complaint was filed, the husband continued to own property, including a house, in Alabama; he continued to claim the parties’ Alabama house as his permanent residence on all official documents and on his federal and state income-tax returns; he maintained a current driver’s license in Alabama; he was registered to vote in Alabama; he maintained bank accounts in Alabama; he had employees in Alabama; and he files taxes in Alabama. These facts indicate that the husband intended to return to Alabama, and, notably, the husband failed to attest otherwise.
 

 Conclusion
 

 Based on the foregoing, we conclude that the husband failed to show a clear legal right to the order sought. We, therefore, deny the husband’s petition for a writ of mandamus.
 

 PETITION DENIED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 THOMPSON, P.J., concurs in the result, without writing.
 

 [1]
 

 . In her affidavit, the wife refers to this entity as "L-Ferg, Inc.”; however, throughout the rest of the materials before this court, this entity is referred to as "L-Ferg International.”
 

 [2]
 

 .
 
 See
 
 note 1,
 
 supra.