THOMAS, Judge.
 

 Percy Marsh (“the father”) and Heather Marsh Smith (“the mother”) were divorced in July 2005. The divorce judgment was based on an agreement of the parties to share joint legal and physical custody of their only child, a daughter, with each parent’s having physical custody of the daughter for one week at a time and neither parent’s paying child support to the other. Both parents lived in Mobile County. The evidence was undisputed that, for two years, the joint-custody arrangement worked well.
 

 In August 2007, the father filed a petition requesting the court to find the mother in contempt of the divorce judgment because, he alleged, the mother had remarried and had moved to Mississippi without giving him the notice required by the Alabama Parent-Child Relationship Protection Act (“the Act”), § 30-3-160 et seq., Ala.Code 1975, the terms of which had been incorporated into the divorce judgment. The father also requested temporary custody of the daughter until such time as the mother relocated to Mobile County. The mother filed a petition to modify the divorce judgment, seeking sole physical custody of the daughter and child support from the father. The father coun-terpetitioned for sole physical custody of the daughter and child support from the mother.
 

 On March 28, 2008, the father filed an emergency motion seeking temporary exclusive custody of the daughter because, he alleged, the mother had given the daughter an overdose of a prescribed medication and had attempted to conceal that fact from the father. The mother responded to the motion, asserting that she had inadvertently given the daughter the wrong dosage of the medication, that she had been extremely upset when she realized her mistake, that she had taken the daughter to a hospital emergency room, that the medical staff there had expressed no concerns about her parenting ability, and that she had not tried to conceal the incident from the father. Following a conference with the trial court and the daughter’s guardian ad litem, the parties agreed to have the daughter remain in the exclusive custody of the father pending a hearing on the father’s emergency motion. On April 16, 2008, the father agreed to allow the mother visitation with the daughter on alternating weekends pending trial.
 

 The case was tried on November 18, 2008. The evidence indicated that the mother had remarried in August 2007 and had moved to Lucedale, Mississippi — a distance of either 54 or 67 miles from the father’s home in Theodore, Alabama, depending upon which evidence the trial court believed. The mother testified that, after she remarried and moved to Mississippi, she did not work outside the home because she wanted to be a homemaker and she wanted “to take care of her ehil-
 
 *176
 
 dren.” At the time of trial, the daughter was six years old and was enrolled in kindergarten in Mobile County.
 

 The mother testified that her husband’s parents, who are her next-door neighbors in Lucedale, Mississippi, also own a house in Chickasaw, Alabama, and that they had allowed her to live in that house during the time she had visitation with the daughter pending the trial of this case.
 

 The trial court entered a judgment on November 25, 2008, that stated, in pertinent part:
 

 “1. That the Motion for Contempt filed by the [father] was "withdrawn, and the Motion for Temporary Custody filed by the [father] is now moot.
 

 “2. That the Court finds that the [mother] resides in Mobile County when the minor child is with her.
 

 “3. That the Court finds that there is not a material change in circumstances sufficient to modify custody; therefore both Motions to Modify Custody are hereby denied.
 

 “4. That the Court reaffirms the custody and visitation order as set out in paragraphs six, seven, eight, and nine of the Judgment of Divorce previously entered by this Court.”
 

 Following the denial of his postjudgment motion, the father timely appealed to this court.
 

 The father raises five issues on appeal: (1) that the trial court’s finding that the mother “resides in Mobile County when the child is with her” is contrary to Alabama law concerning domicile and contrary to the evidence; (2) that the trial court’s no-material-change-of-circumstances finding is contrary to the Act and the evidence; (8) that the trial court erred in failing to evaluate the parties’ custody-modification requests in light of the Act; (4) that the trial court erred in denying the father’s request for sole physical custody because (a) the evidence was undisputed that the mother had endangered the daughter’s life and (b) the court-appointed psychologist had recommended that the father have sole physical custody of the daughter; and (5) that the trial court erred in failing to award the father an attorney fee.
 

 Issues Related to the Act
 

 Neither party argues that the Act does
 
 not
 
 apply to the facts of this case; we, therefore, assume that it applies and that, under the terms of the parties’ divorce judgment, the daughter had two principal residences, one with the father and one with the mother, both of which were in Mobile County.
 
 See
 
 § 30 — 3—161(10)c, Ala. Code 1975.
 
 [1]
 

 A.
 

 The father argues that the trial court’s finding that the mother “resides in Mobile County when the child is with her” is contrary to Alabama law concerning
 
 *177
 
 domicile and the evidence in this case. He contends that, because the mother’s domicile was in Lucedale, Mississippi, she could not have “resided” in Mobile County after her relocation to Mississippi. The following exchange occurred on direct examination of the mother:
 

 “Q. [By the mother’s counsel:] Now, you have established a second home or residence in Chickasaw. Tell us that address.
 

 “A. It’s 301 Fox Street, Chickasaw.
 

 “Q. And who owns that property?
 

 “A. [My husband’s] mom and dad.
 

 “Q. The ones that live next door to you—
 

 “A. Yes.
 

 “Q. —in Lucedale?
 

 “A. Bobbie and Smitty Smith.
 

 “Q. All right. What was your reason for establishing that residence?
 

 “A. Because [the father] was unhappy that I was — and his lawyer was unhappy that I was in Mississippi. So to make them happy, I moved to — and to make [the guardian ad litem] happy, I moved to Chickasaw.
 

 [[Image here]]
 

 “Q. How often have you been there at that residence in Chickasaw?
 

 “A. When I have [the daughter], we are there in Chickasaw.”
 

 On cross-examination, the mother acknowledged that her “primary, permanent residence” was in Lucedale, Mississippi, and that she did not intend to move to Chickasaw permanently.
 

 Based on the foregoing testimony, it appears to be undisputed that the mother’s domicile was, in fact, in Mississippi. The fact that the mother was domiciled in Mississippi, however, does not make the trial court’s finding that the mother “resides in Mobile County when the child is with her” erroneous. “‘While a person may have only one domicile (his permanent [legal] residence and principal establishment), he may as a matter of fact have more than one residence (his actual dwelling place, or where he actually lives).’ ”
 
 Crossett v. St. Louis Fire & Marine Ins. Co.,
 
 289 Ala. 598, 603, 269 So.2d 869, 872 (1972) (quoting
 
 Manuel v. American Employees Ins. Co.,
 
 228 So.2d 321, 322 (La.Ct.App.1969)).
 
 See also Ex parte Ferguson,
 
 15 So.3d 520 (Ala.Civ.App.2008).
 

 Clearly, one who is domiciled in Mississippi can have an actual dwelling place or residence in Alabama. We, therefore, reject the father’s argument that the trial court’s finding that the mother “resides in Mobile County when the child is with her” was unsupported by the law. We also reject the father’s argument that the finding was unsupported by the evidence, because the parties agree that they had reached a pretrial settlement that the mother would, pending the trial of this case, exercise her visitation rights in Mobile County. Although the trial court’s finding was not erroneous, either as a matter of law or fact, it was beside the point. The Act does not speak in terms of either “domicile” or “residence.” It speaks in terms of
 
 “principal residence.”
 
 The trial court’s finding did not address the disputed issue under the Act — which was not whether the mother was domiciled in Mississippi or whether she resided in Mobile County pursuant to a pendente lite agreement — but whether the parties’ joint-custody arrangement should be modified in view of the mother’s admitted change of principal residence to another state — a change that necessarily resulted in changing one of the daughter’s two principal residences to another state.
 
 See
 
 § 30-3-162(b), Ala.Code 1975.
 

 B.
 

 The father contends that the trial court’s determination that there was “not a
 
 *178
 
 material change in circumstances sufficient to modify custody” was erroneous as a matter of law and fact. He maintains that, pursuant to the Act, the mother’s relocation was an event that constituted a material change in circumstances as a matter of law.
 

 Pre-Act caselaw indicated that “a change in a custodial parent’s residence [was]
 
 a factor
 
 to be considered in determining whether a material change of circumstances ha[d] occurred.”
 
 Means v. Means,
 
 512 So.2d 1386, 1388 (Ala.Civ.App.1987) (emphasis added).
 
 See also Carroll v. Carroll,
 
 902 So.2d 696 (Ala.Civ.App.2004);
 
 Pons v. Phillips,
 
 406 So.2d 932 (Ala.Civ.App.1981); and
 
 Cheatham v. Cheatham,
 
 344 So.2d 525 (Ala.Civ.App.1977). Although this court has never expressly held that the Act changed that rule, such that a change in the principal residence of a child constitutes, ipso facto, a “material change in circumstances” under the Act, a reading of the Act itself and our decisions interpreting it indicate that the father’s argument is correct. Section 30-3-169.4, Ala.Code 1975, provides that “there shall be a rebuttable presumption that a change of principal residence of a child is not in the best interest of the child.”
 
 See Toler v. Toler,
 
 947 So.2d 416 (Ala.Civ.App.2006). A change of circumstance that is, by statute, presumed not to be in the best interest of a child is necessarily a material change.
 
 Cf. K.E.W. v. T.W.E.,
 
 990 So.2d 375, 382 (Ala.Civ.App.2007) (holding that “the marriage of a custodial parent to a registered criminal sex offender constitutes a material change of circumstances [and] that, as a matter of law, it is not in the best interests of the child to share a living arrangement with a stepparent who is a registered criminal sex offender”).
 

 The trial court’s erroneous conclusion that there had been no material change of circumstances flowed from its factually correct but legally immaterial finding that the mother “resides in Mobile County when the child is with her.” It appears that the trial court decided that the parties’ original joint-custody arrangement was still workable because the mother had been exercising her visitation rights in Mobile County pursuant to a pendente lite agreement. However, the trial court’s judgment did not require the mother to
 
 continue
 
 to exercise her visitation or custodial rights in Mobile County as a condition of maintaining joint custody of the child, nor did it otherwise place any restrictions on its reaffirmation of the custody and visitation provisions of the parties’ divorce judgment. Because nothing in the trial court’s judgment would prevent the mother from exercising her custodial periods with the child in Mississippi, we cannot conclude that the trial court’s judgment was responsive to the pleadings or faithful to the concerns underlying the passage of the Act.
 

 C.
 

 The father insists that the trial court erred in failing to evaluate the parties’ custody-modification requests in light of the Act. Specifically, he asserts that because the trial court found that the mother was a resident of Mobile County during the time she had the daughter in her custody pending the trial of this case, the court failed to apply the presumption of § 30-3-169.4 and failed to allocate the burdens of proof attendant to that presumption properly. We agree. The trial court’s determination that the mother “resides in Mobile County when the child is with her,” in effect, bypassed both parties’ custody-modification petitions and short-circuited the requirements of the Act.
 

 Based on our disposition of this case, it is unnecessary to address the father’s remaining arguments.
 

 
 *179
 

 Conclusion
 

 We reverse the judgment of the Mobile Circuit Court and remand this cause with instructions to adjudicate the parties’ custody-modification petitions in light of the provisions of the Act and in light of the evidence already presented to the court— including the undisputed evidence that, by relocating to Lucedale, Mississippi, the mother has changed her principal residence (and necessarily one of the child’s two principal residences) to a different state.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 PITTMAN and BRYAN, JJ., concur.
 

 THOMPSON, P.J., and MOORE, J., concur in the result, without writings.
 

 [1]
 

 . Section 30-3-161(10) defines "principal residence of a child” as any of the following:
 

 "a. The residence designated by a court to be the primary residence of the child.
 

 "b. In the absence of a determination by a court, the residence at which the parents of a child whose change of principal residence is at issue have expressly agreed that the child will primarily reside.
 

 "c. In the absence of a determination by a court or an express agreement between the parents of a child whose change of principal residence is at issue, the residence, if any, at which the child lived with the child's parents, a parent, or a person acting as a parent, for at least six consecutive months or, in the case of a child less than six months of age, the residence at which the child lived from birth with the child’s parents, a parent, or a person acting as a parent. Periods of temporary absence from such residence are counted as part of the period of residence."