**rel: 12/05/2014**

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

### OCTOBER TERM, 2014-2015

————————————

### 1130805

————————————

### Ex parte Progressive Direct Insurance Company

### PETITION FOR WRIT Of MANDAMUS

### (In re: Ira Sentell Robinson

### v.

### Amber Nykole Clayton and Progressive Direct Insurance Company)

### (Wilcox Circuit Court, CV-12-900032)

BOLIN, Justice.

Progressive Direct Insurance Company ("Progressive") petitions this Court for a writ of mandamus directing the Wilcox Circuit Court to vacate its order dated March 25, 2014,

1130805

denying Progressive's motion to transfer this action from the Wilcox Circuit Court to the Tuscaloosa Circuit Court and to enter an order granting the motion. We grant the petition and issue the writ.

## I.  Facts and Procedural History

The underlying action arises out of a motor-vehicle accident that occurred in Tuscaloosa County on November 11, 2010, between an automobile driven by Ira Sentell Robinson and an automobile driven by Amber Nykole Clayton.  On July 5, 2012, Robinson filed a complaint in the Wilcox Circuit Court against Clayton, a resident of Tuscaloosa,[1] and Progressive, a foreign corporation doing business in both Tuscaloosa and Wilcox Counties. In his complaint Robinson alleged that he was a resident of Wilcox County and that he had suffered injuries as a result of the negligent and/or wanton conduct of Clayton when the vehicle she was driving collided with the vehicle he was driving.  Additionally, Robinson alleged that at the time of the accident he had a policy of insurance with Progressive, which included uninsured/underinsured-motorist coverage.

---

[1]The claims asserted against Clayton were subsequently dismissed, leaving Progressive as the only defendant.

On August 8, 2012, Progressive filed a motion to transfer the action to Tuscaloosa County, alleging that venue in Wilcox County was improper because, it claimed, the accident occurred in Tuscaloosa County and both Robinson and Clayton resided in Tuscaloosa County at the time of the accident. Alternatively, Progressive claimed that the action was due to be transferred to Tuscaloosa County on the ground of the doctrine of forum non conveniens, as that doctrine is codified at Ala. Code 1975, § 6-3-21.1. In support of its motion to transfer, Progressive attached a copy of the complaint stating that Robinson resided in Wilcox County and a copy of the Alabama Uniform Traffic Crash Report, which listed Robinson's address as 1800 Links Boulevard in Tuscaloosa.

On May 9, 2013, the trial court entered an order denying the motion for a change of venue without prejudice. Progressive asserts that the trial judge "informed counsel for Progressive verbally he could conduct some additional discovery, namely regarding the residence of Robinson, and renew his motion on behalf of Progressive at a later date, if necessary." (Petition, p. 8.) Robinson does not dispute Progressive's assertion in this regard. On March 19, 2014,

3

1130805

Progressive filed a renewed motion to transfer the case to Tuscaloosa County, reasserting that venue was improper in Wilcox County. On March 25, 2014, the trial court entered an order denying Progressive's renewed motion to transfer the case.

On April 3, 2014, Progressive petitioned this Court for a writ of mandamus directing the Wilcox Circuit Court to vacate its March 25, 2014, order denying Progressive's motion to transfer this action to Tuscaloosa County and to enter an order transferring the action to Tuscaloosa County. Robinson filed a motion to dismiss Progressive's petition for a writ of mandamus, along with a brief in support thereof, arguing that Progressive's petition is untimely pursuant to Rule 21(a)(3), Ala. R. App. P., because, he says, the petition was not filed within 42 days of the May 9, 2013, order denying the first motion for a change of venue. Specifically, Robinson asserts that Progressive did not ask the trial court to reconsider the denial of the its May 9, 2013, order; that the mandamus petition does not include a statement of circumstances constituting good cause for this Court's review given the untimeliness of the petition; and that the renewed motion for

4

1130805

a change of venue alleges no new arguments, grounds, or other evidence other than the fact that Robinson has since moved to Shelby County, Alabama, subsequent to filing his complaint. It is noted that in Ex parte Jones, 147 So. 3d 415 (Ala. 2013), the petitioner moved unsuccessfully for a summary judgment on grounds of immunity; this Court denied his petition for a writ of mandamus as untimely pursuant to Rule 21(a)(3), Ala. R. App. P. The petitioner unsuccessfully filed a "renewed" motion for a summary judgment asserting no new grounds, argument, evidence, or change in the applicable law. The petitioner then filed a subsequent petition for a writ of mandamus with this Court. We denied the second petition, concluding that to allow the petitioner to petition this Court for a writ of mandamus would in essence grant the petitioner a second bite at appellate review because this Court had already determined that the previously filed mandamus petition challenging the denial of his first summary-judgment motion was untimely and that to allow the second petition would undermine the spirit and purpose of Rule 21(a)(3) and render that rule meaningless. In this case, however, Progressive is not seeking a second bite at appellate review because

5

Progressive did not appeal the May 9, 2013, order. Instead, Progressive represents that the trial judge orally allowed it the option to renew its motion to transfer after conducting additional discovery relating to where Robinson resided at the time of the accident. Robinson does not dispute in his motion to dismiss that the trial court gave Progressive the option to renew its motion to transfer the action. Accordingly, because Progressive is seeking appellate review of the trial court's March 25, 2014, order, we conclude that its petition for a writ of mandamus was timely under Rule 21(a)(3).

## II. Standard of Review

In Ex parte Pike Fabrication, Inc., 859 So. 2d 1089, 1091 (Ala. 2002), we stated the standard of review for the denial of a motion for a change of venue as follows:

> "'The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.' Ex parte Alabama Great Southern R.R., 788 So. 2d 886, 888 (Ala. 2000). 'Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995). Moreover, our review is limited to those facts that

6

were before the trial court. <u>Ex parte National Sec. Ins. Co.</u>, 727 So. 2d 788, 789 (Ala. 1998).

"'The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.' <u>Ex parte Finance America Corp.</u>, 507 So. 2d 458, 460 (Ala. 1987). In addition, this Court is bound by the record, and it cannot consider a statement or evidence in a party's brief that was not before the trial court. <u>Ex parte American Res. Ins. Co.</u>, 663 So. 2d 932, 936 (Ala. 1995)."

## III. Discussion

"When ruling on a motion to transfer, the trial court must determine whether venue was proper at the time the action was filed." <u>Ex parte Canady</u>, 563 So. 2d 1024, 1025 (Ala. 1990).

Venue of actions against corporations is governed by § 6-3-7, Ala. Code 1975, which provides:

"(a) All civil actions against corporations may be brought in any of the following counties:

"(1) <u>In the county in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of real property that is the subject of the action is situated; or

"(2) In the county of the corporation's principal office in this state; or

"(3) <u>In the county in which the plaintiff resided</u>, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, <u>at the time of the accrual of</u>

the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or

"(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action."

(Emphasis added.)

It is undisputed that, at the time of the accident giving rise to this action, Robinson was working in Tuscaloosa, where he stayed during the week at an apartment located at 1800 Links Boulevard, and that he returned on the weekends to his parents' home in Wilcox County. Robinson maintains that venue was proper in Wilcox County under § 6-3-7(3) because, he says, he has always lived in Wilcox County and Progressive does business in Wilcox County. Progressive, on the other hand, argues that venue is improper in Wilcox County under § 6-3-7(3) because, it says, the events giving rise to the action occurred in Tuscaloosa County and Robinson resided in Tuscaloosa County at the time; thus, Progressive contends that the only venue appropriate for filing the action would have been Tuscaloosa County. It is undisputed that Progressive does business by agent in both Tuscaloosa and Wilcox Counties. Accordingly, Wilcox County would be an appropriate venue for

8

this action pursuant to § 6-3-7(3), provided Robinson resided there at the time of the accident. See Ex parte Blount, 665 So. 2d 205, 208 (Ala. 1995)("[V]enue for a personal injury action against a corporate defendant is proper in either the county where the injury occurred or the county where the plaintiff resides, if the defendant does business in that county.").

In Ex parte Coley, 942 So. 2d 349 (Ala. 2006), this Court elaborated regarding the terms "residence" and "domicile" in the context of determining venue:

> "'Generally, the terms "residence" and "domicile" are not considered synonymous.... However, when determining venue, most jurisdictions, including Alabama, do consider the terms synonymous.... The terms denote the place where the person is deemed in law to live and may not always be the place where the person is actually dwelling.'
>
> "Ex parte Sides, 594 So. 2d 93, 95 (Ala. 1992) (citing Ex parte Weissinger, 247 Ala. 113, 22 So. 2d 510 (1945)). Thus, our focus is on where Coley was domiciled, not on where she actually resided, at the time of the accident.
>
> "'A person's domicile is that place in which his habitation is fixed, without any present intention of removing, and it embraces (1) the fact of residence and (2) the intention to remain. As a general proposition a person can have but one

9

domicile, and when once acquired is presumed to continue until a new one is gained facto et animo,[2] and what state of facts constitutes a change of domicile is a mixed question of law and fact.'

"Weissinger, 247 Ala. at 117, 22 So. 2d at 514.

"....

"'A change of domicile cannot be inferred from an absence, temporary in character, and attended with the requisite intention to return. To the fact of residence in the new locality there must be the added element of the animus manendi[3] before it can be said that the former domicile has been abandoned. The intention to return is usually of controlling importance in the determination of the whole question.... Or ... there must be an absence of any present intention of not residing in the new domicile permanently or for an indefinite time.'

"Weissinger, 247 Ala. at 117, 22 So. 2d at 513.

"_____

"[2]'Facto et animo' means 'in fact and intent.' Black's Law Dictionary 630 (8th ed. 2004).

"[3]'Animus manendi' means '[t]he intention to remain; the intention to establish a permanent residence.' Black's Law Dictionary 97 (8th ed. 2004)."

942 So. 2d at 352-53.

Like the focus in Ex parte Coley, our focus in this case "is on where [Robinson] was domiciled, not on where [he]

10

actually resided, at the time of the accident." 942 So. 2d at 352. As the movant, Progressive had the burden of making a prima facie showing that "[Robinson] had abandoned [Wilcox] County as [his] county of residence and reestablished permanent residence in [Tuscaloosa] County." 942 So. 2d at 353. Once Progressive carried its burden, the burden shifted to Robinson to rebut the prima facie showing. See Ex parte Pike Fabrication, 859 So. 2d at 1092.

Progressive asserted in its motion for a change of venue that Robinson represented to Officer Darryl Bethea, who investigated the accident, that he lived at "1800 Links Boulevard" in Tuscaloosa; that the Uniform Traffic Crash Report listed Robinson's address as 1800 Links Boulevard in Tuscaloosa; that Robinson sought treatment in Tuscaloosa County for the injuries he sustained in the accident; that Robinson represented to his health-care providers that he was a resident of Tuscaloosa County; that the Progressive policy of automobile-liability insurance issued to Robinson showed his address as 1800 Links Boulevard in Tuscaloosa; that Robinson purchased his license-plate tag in Tuscaloosa County using the 1800 Links Boulevard address; that Robinson listed

11

the 1800 Links Boulevard address on his Alabama Department of Transportation permit while he was working for a trucking company located in Tuscaloosa County; that Robinson obtained a marriage license in Tuscaloosa County in 2008 because, he said, he did not want to get married in Wilcox County; that, following the accident, Robinson had his vehicle towed to "Pop's Shop" in Tuscaloosa; that Robinson registered to vote in Tuscaloosa County in either 2008 or 2009, using the 1800 Links Boulevard address; and that the custody arrangement for Robinson's minor daughter was determined by a Tuscaloosa County Court in either 2009 or 2010. Robinson also testified in his deposition that, in 2007, he used the 1800 Links Boulevard address for setting up his business, Robinson Trucking--a sole proprietorship. He testified specifically that the 1800 Links Boulevard address was the address he "always used."

To rebut Progressive's prima facie showing, Robinson asserted in his response that he has always lived in Wilcox County with his parents; that, at the time of the accident, he and his minor daughter were living with his parents in their house in Wilcox County; that his daughter attended school in

Wilcox County; that he has never permanently resided at 1800 Links Boulevard in Tuscaloosa; that the 1800 Links Boulevard address was an apartment his father had owned, rented, and/or leased in Tuscaloosa for the purpose of attending football games and for other family activities; that he stayed at the apartment only temporarily during the workweek, returning to Wilcox County on the weekends; and that he did not return to Tuscaloosa after the accident.[2] Other than Robinson's assertion that he has always lived in Wilcox County, the only other essential fact that he offers in rebuttal is that his daughter resides with his parents in Wilcox County and attends school there.

We conclude that Progressive met its burden of proof in demonstrating not only that Robinson had established residency in Tuscaloosa County (facto et animo), but also that he had the intention of residing there permanently (animus manendi). By Robinson's own admission, the 1800 Links Boulevard address was the address he "always used." Robinson admitted that he

---

[2]As noted, the accident in this case occurred on November 11, 2010. Although Robinson asserted that he never returned to Tuscaloosa after the accident, he testified that the "lease [on the apartment at 1800 Links Boulevard] was up in 2010." Progressive notes that Robinson moved to Calera, Alabama, shortly after filing his complaint in this case.

had represented to Progressive, to his employers, to medical providers, to the State of Alabama, to the Alabama Department of Transportation, to the Tuscaloosa Police Department, and to the County of Tuscaloosa that he lawfully resided in Tuscaloosa. Those admissions clearly demonstrate that Robinson not only physically resided in Tuscaloosa County during the workweek but also had the intention to remain there permanently, thereby abandoning Wilcox County as his former domicile. Another significant and compelling indication of Robinson's intent to establish his domicile in Tuscaloosa County is the fact that he registered to vote there in either 2008 or 2009. See, e.g., Harris v. McKenzie, 703 So. 2d 309, 311 (Ala. 1997), in which this Court stated:

> "Registration to vote is a 'potent consideration' for a court to take into account when determining one's domicile. Ambrose v. Vandeford, 277 Ala. 66, 70, 167 So. 2d 149, 153 (1964). See also Parr v. Shoemaker, 545 So. 2d 37 (Ala. 1989), and Wilkerson v. Lee, 236 Ala. 104, 181 So. 296 (1938). '[V]oting is indicative of intention with respect to the question [of domicile] and is regarded as importantly bearing upon the place of domicile.' Ex parte Weissinger, 247 Ala. 113, 117, 22 So. 2d 510, 514 (1945). Furthermore,
>
>> "'Exercising the right of elective franchise, dependent upon citizenship and domicile, is regarded as having weight in settling the question of a person's legal

14

residence. <u>Such act is a deliberate public assertion of the fact of residence and is said to have decided preponderance in a doubtful case upon the place the elector claims as, or believes to be, his residence</u>.'

"<u>Weissinger</u>, 247 Ala. at 117-18, 22 So. 2d at 514."

(Emphasis added.)

Because the foregoing evidence overwhelmingly indicates that, at the time of the accident giving rise to this action, Robinson was permanently residing in Tuscaloosa County, he could not rely on § 6-3-7(3) as establishing venue in Wilcox County, where he filed his complaint against Progressive. Accordingly, the trial court exceeded its discretion in denying Progressive's motion to transfer the action to Tuscaloosa County. Moreover, because venue was improper in Wilcox County, the doctrine of <u>forum non conveniens</u>, § 6-3-21.1, Ala. Code 1975, has no application in this case. See <u>Ex parte Townsend</u>, 589 So. 2d 711, 714 (Ala. 1991) ("[The] doctrine [of <u>forum non conveniens</u>] has a field of operation only where the action is commenced in a county in which venue is appropriate.").

## IV. Conclusion

15

If venue for an action is shown to be improper, the action must be transferred. Ex parte Overstreet, 748 So. 2d 194 (Ala. 1999). We hold that, based on the evidence before the trial court at the time of its ruling, the court should have granted Progressive's motion for a change of venue, and we direct the trial court to vacate its order denying the motion and to transfer the action to Tuscaloosa County. Because under § 6-3-7, Ala. Code 1975, venue was improper in Wilcox County, we pretermit discussion of Progressive's alternative argument that the action should be transferred based on § 6-3-21.1, Ala. Code 1975, the forum non conveniens statute.

MOTION TO DISMISS DENIED; PETITION GRANTED; WRIT ISSUED.

Stuart, Parker, Shaw, Main, Wise, and Bryan, JJ., concur.

Murdock, J., concurs in the result.

Moore, C.J., dissents.